NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**LINDSEY KNAPP,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2020-2122

_____

Petition for review of the Merit Systems Protection Board in No. DC-1221-20-0331-W-1.

_____

Decided:  November 17, 2021

_____

JAMES SOLOMON, Solomon, Maharaj & Kasimati, P.A., Tampa, FL, argued for petitioner.

STEPHEN FUNG, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, argued for respondent.  Also represented by TRISTAN L. LEAVITT, KATHERINE MICHELLE SMITH.

_____

Before PROST, CLEVENGER, and STOLL, *Circuit Judges*.

STOLL, *Circuit Judge*.

Petitioner Lindsey Knapp challenges the Merit Systems Protection Board's dismissal of her individual right of action appeal for lack of jurisdiction. Ms. Knapp claimed that the Department of the Army subjected her to adverse personnel action in retaliation for protected whistleblowing activity. Because we conclude that the Board did not have jurisdiction, we affirm the Board's dismissal.

BACKGROUND

I

Ms. Knapp was employed as a civilian Sexual Harassment/Assault Response and Prevention Victim Advocate for the United States Army Special Operations Command (USASOC) at Fort Bragg, North Carolina. On March 12, 2018, Ms. Knapp wrote to a senator regarding retaliation against soldiers who reported sexual harassment and assault during her time as a Victim Advocate. On August 10, 2018, Ms. Knapp emailed classified information over an unclassified network, which is referred to as "spillage." On August 23, 2018, Ms. Knapp disclosed additional violations of Department of Defense reporting procedures during a meeting with USASOC officials. That same day, USASOC officials ordered the removal of Ms. Knapp's computer, quarantined the device, and erased the hard drive. On September 21, 2018, Ms. Knapp forwarded the August 10th email containing classified information to the Equal Employment Opportunity Commission. On October 1, 2018, Ms. Knapp's security clearance was suspended, and she was placed on administrative leave because of this additional spillage. Resp. Br. 3. On February 26, 2019, the Army proposed indefinite suspension from duty and pay status for Ms. Knapp based on the two spillage incidents.

On April 8, 2019, Ms. Knapp filed a complaint with the Office of Special Counsel (OSC) alleging that she made several protected whistleblowing disclosures during her

employment as a Victim Advocate. She also alleged that less than a month after making protected disclosures to the USASOC, she was accused of spillage, subjected to an administrative investigation, and indefinitely suspended from duty and pay status while her security clearance was reviewed. Ms. Knapp also alleged that she received a performance appraisal of "unacceptable" even though she was rated as "outstanding" in the prior year. Upon filing an administrative grievance, Ms. Knapp's appraisal was changed to "fully successful." On November 21, 2019, OSC informed Ms. Knapp that it had terminated its investigation into her complaint and that she had the right to file an individual right of action (IRA) appeal with the Merit Systems Protection Board. J.A. 394–95.

## II

Ms. Knapp filed an IRA appeal with the Board on January 27, 2020, alleging that the Army retaliated against her for engaging in protected whistleblowing activity. J.A. 1. The alleged reprisal actions by the agency included: (1) mandatory additional security training to regain access to the agency network and her computer; (2) an administrative investigation into the spillage; (3) administrative leave; (4) clearance suspension; (5) an "unsatisfactory" performance rating (that was later changed to a "fully successful" rating after protest); (6) proposed indefinite suspension; and (7) requiring her to perform filing in the office while her computer was confiscated. J.A. 84–85; *see* J.A. 4–6.

The Administrative Judge issued an order requesting that Ms. Knapp make nonfrivolous allegations that would establish jurisdiction over the appeal. The Administrative Judge noted that the personnel actions identified by Ms. Knapp were based on "the agency's determination regarding national security matters," and thus were not within the Board's jurisdiction. J.A. 422. Ms. Knapp's response to the order did not explain why the Board had

jurisdiction over personnel actions related to the security clearance actions as required by the jurisdiction order.

On April 28, 2020, the Administrative Judge issued an initial decision dismissing the appeal for lack of jurisdiction because Ms. Knapp's allegations "all arise from the agency's determination that she mishandled classified information or the agency's actions taken in response to that determination." J.A. 8. The Administrative Judge explained that it was precluded from reviewing allegations of reprisal when such claims relate to agency determinations regarding security clearances. J.A. 7 (citing *Dep't of the Navy v. Egan*, 484 U.S. 518 (1988)). Therefore, it concluded that "[t]he Board lacks jurisdiction over the personnel actions identified by [Ms. Knapp] because they were taken due to decisions related to the [Ms. Knapp's] access to classified information." *Id.* The Administrative Judge also found "no merit in [Ms. Knapp's] claims that certain realignments or changes in supervision were additional acts of reprisal" because "[a]ll these events flowed from the determination that [Ms. Knapp] had failed to safeguard classified materials." J.A. 9. Therefore, the Administrative Judge concluded that Ms. Knapp "failed to make nonfrivolous allegations of fact sufficient to establish Board jurisdiction." J.A. 10. This initial decision became the final decision of the Board when Ms. Knapp did not timely petition the full Board for review of the Administrative Judge's decision.

Ms. Knapp appeals the Board's decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

### I

We review determinations of the Board concerning its jurisdiction de novo. *Parrot v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008). The Board has jurisdiction over an IRA appeal if the appellant has exhausted

her administrative remedies before the OSC and makes non-frivolous allegations that (1) she engaged in whistle-blowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by § 2302(a). *Yunus v. Dep't of Veterans Affs.*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

## II

In *Egan*, the Supreme Court held that the Board does not have authority to review the substance of an underlying security clearance determination while reviewing an adverse action because the power to grant and revoke a security clearance is a judgment call exclusively retained by the executive branch. 484 U.S. at 520, 529–30; *see also Hesse v. Dep't of State*, 217 F.3d 1372, 1374, 1377 (Fed. Cir. 2000) (explaining that the Board lacks jurisdiction to consider the merits of an agency's security clearance determination). Here, Ms. Knapp asks the Board to do exactly that. Ms. Knapp's August 10 and September 21, 2018 emails contained classified information sent over an unclassified network. The Army responded to these two spillage incidents with a security clearance investigation and disciplinary actions directly related to Ms. Knapp's security access.

All of the actions taken by the Army were based either on its determination that Ms. Knapp committed security violations or on the Army's decision to suspend her clearance because of these violations. Because the personnel actions taken against Ms. Knapp all related to her access to classified information and spillage, *Egan* is controlling. While Ms. Knapp's situation may be sympathetic, the law is clear and we cannot provide the relief Ms. Knapp requests.

Ms. Knapp also argues that the Board had jurisdiction to consider her argument that she did not receive the required procedural protections under 5 U.S.C. § 7513 for her

indefinite suspension.  As the respondent correctly notes, however, Ms. Knapp did not exhaust this claim before the OSC.  As such, the Board also did not have jurisdiction over this claim for at least this reason. *Young v. Merit Sys. Prot. Bd.*, 961 F.3d 1323, 1330 (Fed. Cir. 2020) (affirming the Board's dismissal for lack of jurisdiction because the petitioner did not present her claims to the OSC and therefore failed to exhaust her administrative remedies); *see Yunus*, 242 F.3d at 1371 (Fed. Cir. 2001) ("[T]he Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before the OSC and makes 'non-frivolous allegations' that (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).").

We therefore affirm the Board's determination that it lacked jurisdiction.

## CONCLUSION

For the reasons set forth above, we affirm the Board's decision.

## **AFFIRMED**

### COSTS

No costs.