# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PHAYLYN M. HUNT,
   Appellant,

  v.

DEPARTMENT OF JUSTICE,
   Agency.

DOCKET NUMBER
DC-0752-16-0180-I-1

DATE: May 15, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shronda Hunt, District Heights, Maryland, for the appellant.

Jay Macklin, Kimya Jones, Esquire, and Sobia Haque, Washington, D.C.,
 for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The agency removed the appellant from her GS-11 Paralegal position in the agency's Cyber Unit based on 39 specifications of the charge of Failure to Follow Instructions. Initial Appeal File (IAF), Tab 5 at 36, 38-44, 46-54. Specifications 1-9 addressed the appellant's failure to follow multiple instructions by her first-level supervisor, the Criminal Division Operations Manager (CDOM), to meet with an Assistant U.S. Attorney (AUSA) and a paralegal in a case identified as SB. *Id.* at 49, 103, 109-11, 125-26. Specifications 10-17 addressed the appellant's failure to follow the CDOM's multiple instructions to begin and complete entering call information into a spreadsheet involving the SB case. *Id.* at 49, 109-11, 113, 126. Specifications 18-26 addressed the appellant's failure to follow the CDOM's instructions to meet with the AUSA and paralegal to discuss three cases identified as D, HC, and E. *Id.* at 49-50, 107, 109-11, 113, 125-26. Specification 27 addressed the appellant's failure to follow one of the AUSA's instructions to scan documents and discs into a shared drive for case D. *Id.* at 50. Specifications 28-32 addressed the appellant's failure to follow the CDOM's instructions to scan documents into a shared drive for case D. *Id.* at 50, 113,

120-22, 125-26.  The last set of specifications, specifications 33-39, addressed the appellant's multiple failures to follow the CDOM's instructions to notify the two AUSAs for whom she worked when she would be absent, arriving late, or leaving early.  *Id.* at 50-51, 132-33, 135, 137, 139, 141, 143, 147.  In selecting the penalty of removal, the agency relied on the appellant's prior discipline, which included five suspensions for failure to follow instructions.  *Id.* at 52.

¶3     The appellant appealed the agency's action to the Board.  IAF, Tab 1.  Regarding specifications 1-32, she alleged that the instructions concerning cases SB, D, HC, and E contradicted earlier instructions from the CDOM.  IAF, Tab 4 at 9-11 (response to proposed removal).  As to specifications 33-39, she asserted that she notified the CDOM of her duty status, believing that such notification was sufficient.  *Id.* at 11-12.  She further asserted that the agency created a hostile work environment, and that her removal was the result of discrimination (race, color, and sex), retaliation for her prior equal employment opportunity (EEO) complaints, whistleblower retaliation, and harmful procedural error.  IAF, Tabs 11, 14.

¶4     Following a hearing, the administrative judge issued a lengthy and detailed initial decision.  IAF, Tab 3, Initial Decision (ID).  She first found that the agency proved specifications 1, 3-4, 6-12, 14-21, 23-27, and 29-39, and thus proved the charge.  ID at 6-18.  She also found that the appellant failed to prove her affirmative defenses.  ID at 18-40.  Finally, she found that the agency showed nexus between the sustained misconduct and the efficiency of the service and that the removal penalty was reasonable.  ID at 40-44.

¶5     On petition for review, the appellant generally disagrees with the administrative judge.  She asserts that the agency did not prove the charged misconduct.  Petition for Review (PFR) File, Tab 1 at 9-10.  She also asserts that the administrative judge's credibility findings were in error, and that she erred in finding that the appellant failed to prove her affirmative defenses.  *Id.* at 4-5, 12-16.  Further, she contends that the agency failed to prove nexus and the

reasonableness of the penalty. *Id.* at 16-17. The agency has responded in opposition to the petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge properly found that the agency proved that the appellant failed to follow instructions.

¶6　　In her petition for review, the appellant reiterates her argument from below that the instructions concerning cases SB, D, HC, and E contradicted earlier instructions. She asserts that her supervisor told her that she would only be assigned to new cases, and that being assigned to help work on old cases contradicted the earlier instructions. We agree with the administrative judge that the appellant's explanation for her failure to follow instructions is unpersuasive. The fact that initially the appellant was only going to be assigned new cases, but was subsequently reassigned some old cases is not contradictory or confusing, but is merely a reallocation of work within the agency's managerial discretion. We also discern no error in the administrative judge's finding that the appellant was given a proper instruction to notify the two AUSAs when she would be absent, arriving late, or leaving early, and that she failed to comply with those instructions.

¶7　　Furthermore, even if the instructions had been improper, the Board has held that, as a general rule, an employee must obey agency orders, even if the employee may have substantial reason to question them, while taking steps to challenge their validity through whatever channels are appropriate. *Pedeleose v. Department of Defense*, 110 M.S.P.R. 508, ¶ 16, *aff'd*, 343 F. App'x 605 (Fed. Cir. 2009). The rule has long been recognized as necessary to an agency's ability to effectively manage the workplace, and reflects the fundamental management right to expect that its decisions will be obeyed and its instructions carried out. *Id.* The recognized exceptions to the rule apply only in extreme or unusual circumstances, such as when the order could place the employee in a dangerous

situation or cause irreparable harm, and the appellant has not shown that such circumstances were present in this case.  *See id.*, ¶ 17.[2]

¶8    The appellant also asserts that there was only a singular incident of failure to follow instructions, not 39 as specified by the agency.  PFR File, Tab 1 at 5.  It appears that the appellant is arguing that the Board should merge the specifications.  The Board will merge charges if they are based on the same conduct and proof of one charge automatically constitutes proof of the other charge.  *Shiflett v. Department of Justice*, 98 M.S.P.R. 289, ¶ 5 (2005).  However, assuming without deciding that the Board would consider merging specifications, as opposed to charges, we would not do so in this case, because each specification at issue requires proof of a fact, such as different date, time, and/or individual involved, that the others do not.  *Cf. Blockburger v. United States*, 284 U.S. 299, 304 (1932) (finding in the criminal context that "the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not").  Thus, the administrative judge properly considered each specification.[3]

The appellant has not shown that the administrative judge erred in her credibility determinations.

¶9    The appellant asserts that the administrative judge did not consider the testimony of two witnesses who stated that they informed the deciding official that the appellant complained of a hostile working environment of bullying by her

---

[2] As set forth below, the appellant raised an affirmative defense of whistleblower reprisal.  The Follow the Rules Act, which states that an agency shall not take a personnel action against an employee for "refusing to obey an order that would require the individual to violate a law, rule, or regulation," 5 U.S.C. § 2302(b)(9)(D), was not passed until 2017, after the removal in this case. In any event, even if the Act were retroactive, it would not be applicable to the circumstances of this case.

[3] As noted, the administrative judge found that the agency proved 34 of the 39 specifications of failure to follow instructions.  When, as here, there is one charge with multiple factual specifications set out in support of the charge, proof of one or more of the supporting specifications is sufficient to sustain the charge.  *Miller v. U.S. Postal Service*, 117 M.S.P.R. 557, ¶ 16 (2012).

supervisor. The appellant argues that the deciding official's denial that he knew that the appellant complained about a hostile environment shows that his testimony was not credible, and that the administrative judge erred in relying on his testimony to find that he learned through the appellant's written response to the proposed removal action of her EEO complaints and allegations of a hostile work environment.

¶10 The witnesses in question, neither of whom was mentioned in the initial decision, gave testimony concerning meetings that included the deciding official. One witness described a meeting in which the discussion centered on whether the appellant's supervisor purposely bumped into the appellant's chair and whether this constituted harassment. *See* Hearing Transcript, April 15, 2016, at 524 (testimony of the Supervisory Human Resources Specialist). According to that witness, the deciding official seemed surprised to hear of the appellant's allegation of harassment. *Id.* at 527. The other witness described a later meeting, in which the discussion centered on whether the appellant's reassignment by her former supervisor constituted harassment. *Id.* at 775-77 (testimony of the Director of Training and Professional Development). According to this witness, the deciding official explained that the appellant's reassignment was planned for some time, and that thus it did not appear to be retaliatory. *Id.*

¶11 The testimony of the two witnesses shows that the deciding official was told about two specific instances that the appellant viewed as harassing. It does not, however, show that the deciding official was aware that the appellant was alleging an overarching hostile working environment. Thus, their testimony provides no basis to overturn the administrative judge's credibility determination, particularly given that she implicitly relied on her observation of witness demeanor. *See Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1373 (Fed. Cir. 2016) (holding that the Board must afford "special deference" to an administrative judge's demeanor-based credibility determinations, "[e]ven if demeanor is not specifically discussed").

<u>The administrative judge properly found that the appellant failed to prove discrimination or retaliation for filing EEO complaints.</u>

¶12    The appellant generally disagrees with the administrative judge's findings that she failed to prove that the agency discriminated against her based on race, color, and sex, and retaliated against her for filing EEO complaints.    In adjudicating these claims, the administrative judge considered the appellant's contention that her prior suspensions evidenced a discriminatory or retaliatory motive.  ID at 23-29.[4]  The administrative judge also considered the appellant's assertions concerning other alleged acts of harassment, including reassignments; removal from the building; a supervisor bumping into the appellant's chair; lack of assistance from various offices within the agency, including the police department's refusal to file a report on the appellant's allegation that her supervisor assaulted her when the supervisor bumped into the appellant's chair; and limiting the appellant's use of official time for the processing of her EEO complaint, all of which she claimed evidenced retaliation by the agency.  ID at 30-35.

¶13    We agree with the administrative judge that, even considering the prior suspensions, the appellant failed to prove her discrimination and retaliation claims.  We decline to reweigh this evidence on review.  *See Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (observing that mere reargument of factual issues already raised and properly resolved by the administrative judge below does not establish a basis for review).[5]

---

[4] In assessing whether the appellant's prior suspensions evidenced a discriminatory or retaliatory motive, the administrative judge appears to have focused on the tangential question of whether there was a nexus between the suspensions and the removal.  ID at 26-29.  We find, however, that the administrative judge's apparent error on this point does not warrant a different outcome.  *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (holding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

[5] Because we affirm the administrative judge's finding that the appellant failed to show that any prohibited consideration was a motivating factor in the agency's action, we need not resolve the issue of whether the appellant proved that discrimination or

<u>The administrative judge correctly found that the appellant did not establish her affirmative defense of whistleblowing reprisal.</u>[6]

¶14        On review, the appellant again contends that her alleged protected disclosures to two former Attorneys General were a contributing factor in her removal. PFR File, Tab 1 at 16. As the administrative judge correctly found below, the disclosures in question were not protected under 5 U.S.C. § 2302(b)(8), because they concerned allegations of discrimination and retaliation for EEO activity. *See Young v. Merit Systems Protection Board*, 961 F.3d 1323, 1329 (Fed. Cir. 2020) (outlining that claims of retaliation for exercising a Title VII right do not fall within the scope of section 2302(b)(8)); *Redschlag v. Department of the Army*, 89 M.S.P.R. 589, ¶ 84 (2001). Hence, the affirmative defense fails. We note that, having found that the disclosures were not protected, the administrative judge should not have proceeded to consider whether the agency showed by clear and convincing evidence that it would have taken the same action in the absence of those disclosures. *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 28 (2016). However, the administrative judge's error on this point has no effect on the outcome of this case. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (holding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

<u>The appellant failed to establish harmful procedural error.</u>

¶15        In her petition, the appellant again asserts that the agency committed harmful procedural error by not giving her additional training, guidance, and an opportunity to improve pursuant to 5 U.S.C. chapter 43. However, as the administrative judge found, the agency action in this case was not taken pursuant

retaliation was a "but-for" cause of the agency's decisions. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

[6] We have reviewed the relevant legislation enacted during the pendency of this appeal and have determined that none impact the outcome.

to chapter 43 as a performance-based action, but rather, was taken pursuant to 5 U.S.C. chapter 75 as a removal for misconduct. The agency was not therefore obligated to follow the procedures of chapter 43. In accordance with chapter 75, the agency afforded the appellant 30 days, advance written notice of the charged misconduct, a reasonable time to answer the notice orally and in writing and to furnish affidavits and other documentary evidence in support of the answer, and a written decision and the specific reasons for the decision. *See* 5 U.S.C. § 7513(b); 5 C.F.R. § 752.404; IAF, Tab 5 at 38-44, 46-54.

¶16      The appellant asserts for the first time on review that the agency's refusal to engage in alternative dispute resolution (ADR) procedures was harmful procedural error. The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has failed to show such. In any event, we find no merit to this argument, as the appellant has not even alleged that the agency is required to provide ADR to its employees under the circumstances of this case, and she has not identified any agency regulation that would have required it to do so.

The agency established nexus between the appellant's misconduct and the efficiency of the service, and that the removal penalty was within the bounds of reasonableness.

¶17      The nexus requirement, for purposes of whether an agency has shown that its action promotes the efficiency of the service, means there must be a clear and direct relationship between the articulated grounds for an adverse action and either the employee's ability to accomplish his or her duties satisfactorily or some other legitimate Government interest. *Merritt v. Department of Justice*, 6 M.S.P.R. 585, 596 (1981), *modified on other grounds by Kruger v. Department of Justice*, 32 M.S.P.R. 71, 75 n.2 (1987). An agency meets its burden to show nexus in a removal action based on the charge of failure to follow instructions

because such misconduct relates directly to the efficiency of the appellant's service. *See Archerda v. Department of Defense*, 121 M.S.P.R. 314, ¶ 24 (2014). Thus, we find that the administrative judge properly found that the agency proved nexus.

¶18 Further, the removal penalty is reasonable under the circumstances of this case. When all of the agency's charges are sustained, but some of the underlying specifications are not sustained, the agency's penalty determination is entitled to deference and should be reviewed only to determine whether it is within the parameters of reasonableness. *Payne v. U.S. Postal Service*, 72 M.S.P.R. 646, 650 (1996). The Board will disturb the agency's chosen penalty only if it finds that the agency failed to weigh relevant factors or that the agency's judgment clearly exceeded the limits of reasonableness. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981).

¶19 Among the factors that an agency may weigh is an appellant's past disciplinary record. *Id.* at 306. The Board's review of a prior disciplinary action in determining if it may be considered in a *Douglas* penalty analysis is limited to determining whether that action is clearly erroneous, if the employee was informed of the action in writing, the action is a matter of record, and the employee was permitted to dispute the charges before a higher level of authority than the one that imposed the discipline. *Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 339-40 (1981). Here, the agency has shown that it informed the appellant in writing of each of her five prior suspensions, that each was a matter of record, and that the appellant was permitted to dispute the charges in each before a higher authority. IAF, Tab 5 at 55-101. The appellant presented no evidence that any of the prior suspensions was clearly erroneous. Thus, the agency properly relied on the appellant's prior suspensions in determining a reasonable penalty.

¶20 The appellant also contends that the agency did not take into account her 33 years of service and her many at least acceptable performance appraisals.

Contrary to the appellant's assertion, the deciding official stated at the outset of his penalty analysis that he considered as mitigating factors the fact that the appellant had been an employee of the agency for 30 years and had over 32 years in the Federal service. IAF, Tab 5 at 41. He further stated that he also considered the "Successful" and "Outstanding" performance evaluations that the appellant received since 2008. *Id.* He noted that these factors weighed in favor of mitigation. *Id.* However, he considered these mitigating factors outweighed by other factors, including the nature and seriousness of the offense, the fact that the appellant had been repeatedly disciplined for failure to follow instructions, the lack of potential for rehabilitation as shown by her repeated discipline for similar offenses, and his belief that a lesser penalty would not deter future misconduct of this nature given the appellant's prior suspensions. *Id.* at 41-42. We find that the agency has weighed the relevant factors and that the agency's judgment as to the penalty does not exceed the limits of reasonableness. *See Toth v. U.S. Postal Service*, 76 M.S.P.R. 36, 39 (1997); *Redfearn v. Department of Labor*, 58 M.S.P.R. 307, 316 (1993) (finding that an employee's deliberate refusal to follow supervisory instructions constitutes serious misconduct that cannot be condoned); *see also Davis v. Smithsonian Institution*, 14 M.S.P.R. 397, 400 (1983) (finding that the offence of failure to obey an order "goes to the heart of the supervisor-employee relationship").

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for
_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.