NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN S. EDWARDS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2022-1967

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-16-0227-W-1.

---

Decided: July 7, 2023

---

PETER BROIDA, Arlington, VA, argued for petitioner.

JEFFREY GAUGER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, argued for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before PROST, CHEN, and CUNNINGHAM, *Circuit Judges.*

PROST, *Circuit Judge.*

John S. Edwards appeals from a Merit Systems Protection Board ("Board") decision dismissing his individual right of action ("IRA") appeal under the Whistleblower Protection Act for lack of jurisdiction. We affirm.

BACKGROUND

Mr. Edwards worked at the Department of Labor ("DOL") as a director in the Office of Information Systems and Technology ("OIST"). Mr. Edwards alleged that two OIST supervisors were discriminating against Black employees. In July 2015, he informed those supervisors of his observations. App'x 83.[1] Mr. Edwards then filed, on October 16, 2015, an informal complaint with DOL's Equal Employment Opportunity ("EEO") Office detailing his allegations of racial discrimination. App'x 34–37. On October 27, 2015, one of the supervisors Mr. Edwards accused of discrimination reassigned him to a position with diminished responsibilities. App'x 86. According to Mr. Edwards, this supervisor stated that she was reassigning him "because of [his] EEO complaint." *Id.* A few days later, Mr. Edwards filed another complaint, this time with the Office of Special Counsel ("OSC"). App'x 38–59. This complaint repeated Mr. Edwards's allegations of discrimination in OIST and also alleged retaliation against him for "report[ing those] EEO violations." App'x 42. The OSC closed the investigation after it determined that Mr. Edwards's allegations "are more appropriately resolved" through the Equal Employment Opportunity Commission ("EEOC"). App'x 67, 69.

Mr. Edwards then filed an IRA appeal with the Board, which the Board dismissed for lack of jurisdiction. Mr. Edwards appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9). *See Young v. MSPB*, 961 F.3d 1323, 1327–28

---

[1]    "App'x" refers to the appendix attached to Mr. Edwards's principal brief.

(Fed. Cir. 2020) (holding that IRA appeals do not constitute "mixed cases" under *Perry v. MSPB*, 582 U.S. 420 (2017), even where the underlying allegations relate to retaliation for exercising a Title VII right).

## DISCUSSION

"We review de novo whether the Board has jurisdiction over an appeal." *Smolinski v. MSPB*, 23 F.4th 1345, 1350 (Fed. Cir. 2022). For the Board to have jurisdiction over an IRA appeal, the appellant must, among other things, make nonfrivolous allegations that he made a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity under 5 U.S.C. § 2302(b)(9)(A)(i) or (b)(9)(B)–(D). 5 U.S.C. § 1221(a); *Smolinski*, 23 F.4th at 1350. Section 1221(a) plainly excludes activities under § 2302(b)(9)(A)(ii)—"the exercise of any appeal, complaint, or grievance right . . . other than with regard to remedying a violation of [§ 2302(b)(8)]"—from IRA jurisdiction.

In this case, the Board determined it lacked jurisdiction because Mr. Edwards's alleged protected activity falls under 5 U.S.C. § 2302(b)(9)(A)(ii). The Board reasoned that—under *Young* and *Spruill*—Mr. Edwards's allegations of EEO violations and retaliation for reporting them "may not be raised in an IRA appeal[] because IRA appeals are limited to alleged violations of whistleblower protection statutes" and reporting EEO violations "[is] a nonwhistleblowing" activity. *Edwards v. DOL*, No. DC-1221-16-0227-W-1, 2022 WL 1438663, at *4 (M.S.P.B. May 5, 2022) (first citing *Spruill v. MSPB*, 978 F.2d 679, 680–81, 690–92 (Fed. Cir. 1992); then quoting *Serrao v. MSPB*, 95 F.3d 1569, 1575 (Fed. Cir. 1996); and then citing *Young*, 961 F.3d at 1327–28).

On appeal, Mr. Edwards argues that *Young* and *Spruill* are distinguishable or otherwise do not govern the outcome of this case. We disagree.

As an initial matter, Mr. Edwards agrees that *Young* and *Spruill* dictate that filing a formal EEO complaint cannot supply the Board with IRA jurisdiction because a formal EEO complaint falls under 5 U.S.C. § 2302(b)(9)(A)(ii). Oral Arg. at 0:27–45, 10:21–29.[2]  However, Mr. Edwards maintains that this case is different because he filed an *informal* EEO complaint.  *See* Pet'r's Br. 15–16.  We are not persuaded.  Although the appellants in *Young* and *Spruill* did file formal EEO complaints, we did not elevate the form of such complaints over their substance.  *See Young*, 961 F.3d at 1329–30; *Spruill*, 978 F.2d at 690–92.  As *Young* explains, it's an appellant's "exercis[e of] a Title VII right" that pushes a case into the realm of § 2302(b)(9)(A)(ii) and thus deprives the Board of IRA jurisdiction.  *Young*, 961 F.3d at 1329.  And there's no dispute here that Mr. Edwards exercised Title VII rights when he filed his informal EEO complaint alleging racial discrimination in OIST.

Mr. Edwards also asserts that his verbal complaints to his supervisors permit his allegations of retaliation for reporting racial discrimination to proceed through the Board via an IRA appeal.  According to Mr. Edwards, even if his informal EEO complaint falls under § 2302(b)(9)(A)(ii), his disclosure of the same allegations to his supervisors falls under § 2302(b)(8).  Pet'r's Br. 18–22; *see also* Oral Arg. at 8:00–32 (Mr. Edwards's counsel arguing that "there is some duplication").  But Mr. Edwards's disclosures to his supervisors were of the same substance as his EEO complaint.  Per *Young*, this EEO complaint falls under § 2302(b)(9)(A)(ii)—i.e., is "other than with regard to remedying a violation of" § 2302(b)(8).  We don't see how claims of retaliation by the same actors for disclosing verbally the same alleged violation later memorialized in an EEO complaint can proceed separately.  *Spruill* reinforces this

---

[2]   No. 22-1967, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=22-1967_06092023.mp3.

understanding of the interplay between § 2302(b)(8) and § 2302(b)(9)(A)(ii). *Spruill* counsels that appellants cannot maintain simultaneous Board and EEOC jurisdiction to resolve the same alleged violations. Otherwise, the Board and EEOC would "duplicat[e]" effort to resolve the same dispute and thereby waste "governmental resources" and potentially generate "conflicting procedures or outcomes." *Spruill*, 978 F.2d at 691–92.

Mr. Edwards argues that this court's recent *Smolinski* decision allows duplicative Board and EEOC proceedings to resolve alleged retaliation for disclosing Title VII violations. Pet'r's Br. 16–22. Not so. *Smolinski* is not instructive here because it did not involve the exercise of a Title VII right. In *Smolinski*, Dr. Smolinski, a federal employee, alleged retaliation for testifying about another federal employee's sexual harassment of Dr. Smolinski's wife, who was not a federal employee. *See Smolinski*, 23 F.4th at 1351. And while sexual harassment is a form of sex discrimination that Title VII covers, Title VII protection did not play a role in *Smolinski* because the alleged discrimination wasn't of one federal employee against another; it was of one federal employee against a non-employee. *See* Oral Arg. at 18:51–20:10; *cf.* 5 U.S.C. § 2302(b)(1) (prohibiting employees from discriminating "against any *employee* or applicant for employment" (emphasis added)). Thus, the IRA jurisdiction under § 2302(b)(8) in *Smolinski* was based on allegations of "abuses of authority," not based on allegations that would have also fallen under Title VII or § 2302(b)(1).

Since Mr. Edwards seeks review of claims of retaliation for coming forward with allegations of Title VII violations, the Board lacks IRA jurisdiction, and jurisdiction instead lies exclusively with the EEOC.

CONCLUSION

We have considered Mr. Edwards's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**

COSTS

No costs.