## AVOIDING A LEASE BECAUSE OF GAMBLING ON THE PREMISES.

Court of Appeals for Lucas County.

### NASSR v. UPTON.

Decided, February 8, 1915.

*Landlord and Tenant—Leased Premises Used for Gambling—Whether Amusement Devices Are Gambling Devices Not Determined by Elements of Skill or Chance—Motive of Lessor in Prosecuting an Action in Forcible Detainer Not Available as a Defense—Purpose of Section 5972, Relating to Leases for Property Used for Gaming.*

1. By virtue of the provisions of Section 5972, General Code, when premises are occupied for gaming or lottery purposes the lease under which they are so occupied is rendered void at the instance of the lessor, and it is immaterial whether the result of the game or lottery depends on skill or chance or both.

2. The provision of the statute that if the lessor, knowing of the violation, fails forthwith to prosecute in good faith an action to recover possession of the premises, he shall be held criminally responsible, is intended to guard against the collusive prosecution of an action instituted for the purpose of relieving the lessor from criminal liability, and his motive in prosecuting the action of forcible detainer is not a defense to such action.

3. A preponderance of the evidence is all that is required in an action of forcible detainer, even though the action is based on a violation of Section 5972, General Code.

4. A landlord is not precluded from maintaining an action of forcible detainer against a tenant by the fact that he has subsequently leased the premises to a new tenant.

*Southard, Southard & Rowe,* for plaintiff in error.
*Ben W. Johnson* and *C. B. Steinem,* contra.

RICHARDS, J.

Charles A. Nassr, plaintiff in error, had the control of certain premises adjacent to Walbridge Park in the city of Toledo, which he leased to the defendant in error, Thomas A. Upton. Subsequent to the execution of this lease he brought an action in forcible detainer before a justice of the peace to recover posses-

sion of the premises on the claim that the same were being used for gaming and lottery purposes in violation of Section 5972, General Code. On the trial of the action the jury returned a verdict for the defendant and judgment was entered thereon. The court of common pleas affirmed that judgment, and this proceeding in error is brought to obtain a reversal of the judgments.

It appears from the bill of exceptions that the tenant, Upton, had been in the amusement business for a number of years, and that he conducted on the premises the sale of post cards, souvenirs and stamps, and conducted certain games called a box-ball alley, a ball rack, horse-racing machine, and a cane rack, where rings were thrown over canes. The tenant, on being called for cross-examination, testified that the horse-racing game was a machine with eight artificial horses, which were ball bearing and revolving, two on each track, with 112 numbers on the machine, and that the horses were numbered 1 to 8, and that in connection therewith there was a board with numbers, the duplicates of those on the machine. He further testified that he sold paddles, bearing the numbers of the horses, at five cents apiece; that "if your horse stops at 64 then whatever is on 64 on the board is yours;" that there was a separate part with numbers, and prizes attached to each number, and that there was no way of determining in advance where the horses would stop and no difference in the value of the prizes given in the horse-racing game. The tenant, in describing the cane-rack game, testified that he sold three rings for five cents, and that if the patron threw a ring over a cane he got that cane; that the canes were all of the same value, and if the patron did not throw a ring over a cane he was not supposed to get a cane. The other games appear to have been of similar character.

It was contended by the defendant that the plaintiff was not entitled to recover the premises in forcible detainer because he was not prosecuting the action in good faith, because the games conducted were not in violation of the statute for the reason that they were games of skill and dexterity, because the prizes were all of substantially the same value, and because occasional viola-

tions of the gaming and lottery laws would not justify a forfeiture of the lease. In pursuance of these claims and others of like character made by the defendant, sixteen separate requests to charge the jury were submitted to the justice of the peace, and the jury were so charged. The statute of Ohio, cited *supra*, provides, in substance, that when premises are occupied for "gaming or lottery purposes," the lease or agreement shall be void at the instance of the lessor, who may at any time obtain possession by action of forcible detainer before a justice of the peace. The statute further provides that if a person knowingly permits premises to be so used and occupied and fails forthwith to prosecute in good faith an action for the recovery of the premises, the lessor shall be considered as a principal in carrying on the business of gaming or lottery on the premises.

We will not undertake to review all the instructions which were given to the jury on the request of the defendant. It is apparent, however, that in those instructions the justice was altogether too stringent against the plaintiff in charging on the subject of the action being prosecuted in good faith. The only connection in which good faith is mentioned in the statute is that if the lessor knowingly permits premises to be used for the forbidden purpose and fails to prosecute in good faith, he would be liable as a principal in the business. The jury were told, in substance, that if the action was not brought for the purpose of suppressing games or lotteries, but in contemplation of similar games being thereafter conducted on the premises, then the action was not brought in good faith, and that if the plaintiff knew that the defendant had been conducting such games on the premises, had good reason to believe that he would continue so to do and failed forthwith to bring an action, but consented to the occupation and accepted rent in advance, then the plaintiff could not recover, and that if the action was brought by the plaintiff for the purpose of protecting himself from statutory liability, then he could not recover. We think this is not a fair statement of the rule as to the good faith of the plaintiff within the language of the statute to which reference has been made. If this were the law it would give no room for repentance on

the part of a lessor who originally had knowledge of and consented to the use of the premises for unlawful purpose, and it would follow that if he had at one time consented to such use he must thereafter remain criminally responsible for further violations.

. It is contended that the transactions shown by the evidence do not constitute violations of the statute because of the evidence that the prizes were of equal or substantially equal value. If it appeared from the evidence that every patron on making an investment would receive a prize, much foundation might exist for the claim made, if the prizes were of equal or substantially equal value, but if one invested five cents in one of the games conducted by the defendant and if, under the conditions on which the game was operated, he might fail to win any prize, the transaction would be within the terms of the statute; nor is the transaction relieved from the inhibition of the statute by reason of the fact, if it be a fact, that the games were games of skill and not purely games of chance. The question is one which must be determined in each jurisdiction by the language of the statute there controlling, and under the Ohio statute it is unlawful to occupy any premises for gaming or lottery purposes, and it is immaterial whether the transaction involves skill or chance or both. See *Ulsamer* v. *State of Ohio*, 11 O. D. Re., 889; 30 Bull., 293, editorial, a decision of the circuit court sitting in Gallia county. The cases are collected in Words and Phrases, under the title "Gambling-Gaming."

At the request of the defendant the jury were charged that the plaintiff could not prevail unless his claim was established by clear and convincing proof of the defendant's guilt. We understand that the ordinary rule requiring a case to be established by a preponderance of the evidence is the rule applicable to this case, and that the plaintiff was not required to make out his case by any higher degree of proof than that of a preponderance of the evidence.

During the trial of the case it developed that Nassr had sold the building on the premises to Nora Mullen and that she transferred the same back to him on the morning on which the trial

before the justice was commenced. It is contended that by reason of these facts the plaintiff was not entitled to maintain the action. The lease to the defendant, Upton, had not, of course, by its terms expired; neither had the plaintiff parted with his title to the ground occupied by the building. We think the sale of the building would not of itself prevent the plaintiff from maintaining the action. The purchaser had not taken possession, and if the plaintiff could not maintain the action then he would continue liable under the criminal laws for future violations, because he was still the lessor of the real estate so far as the defendant is concerned. The rule in such cases is concisely stated in 24 Cyc., 1415, as follows:

"While it has been held that the landlord, after having executed a valid lease to a third person, has no longer a right of possession enabling him to maintain an action to recover possession from a former tenant, the better rule would appear to be that he has such an interest in the possession as will enable him to sue."

Numerous cases are cited sustaining this proposition, and, among others, the case of *Cahn* v. *Hammon Bldg. Co.*, 8 O. D. Re., 656; 9 Bull., 112.

The record discloses that the case was not tried before the justice of the peace on the right theory, but was submitted on erroneous principles, prejudicial to the plaintiff. It follows that the judgments must be reversed and the cause remanded to the court of common pleas for further proceedings according to law.

Judgments reversed and cause remanded.

KINKADE, J., concurs; CHITTENDEN, J., not participating.