# United States Court of Appeals
# for the Federal Circuit

---

**TERESA M. YOUNG,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2019-2268

---

Petition for review of the Merit Systems Protection Board in No. AT-1221-19-0574-W-1.

---

Decided: June 11, 2020

---

TERESA M. YOUNG, Frederick, MD, pro se.

KATRINA LEDERER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by KATHERINE MICHELLE SMITH, TRISTAN LEAVITT.

---

Before NEWMAN, BRYSON, and O'MALLEY, *Circuit Judges.*

BRYSON, *Circuit Judge.*

Teresa M. Young, a former Internal Revenue Service employee, asserts that she was removed from her position

with the agency for engaging in protected whistleblowing activity. She filed a complaint with the U.S. Office of Special Counsel and subsequently filed an Individual Right of Action ("IRA") appeal to the Merit Systems Protection Board ("the Board"). A Board administrative judge ruled that Ms. Young had not made a non-frivolous allegation that her disclosures were protected by the Whistleblower Protection Act, Pub. L. No. 101-12, 103 Stat. 16 (1989), and therefore dismissed her appeal for lack of jurisdiction. We affirm.

I

Ms. Young began working for the Internal Revenue Service as a clerk on March 20, 2017. She was serving a one-year probationary period when the agency removed her on March 12, 2018, for misconduct.

Before filing her IRA appeal, Ms. Young filed a separate appeal in June 2018 with the Board challenging her removal as an unlawful adverse action under Chapter 75 of Title 5. Ms. Young also filed a formal Equal Employment Opportunity ("EEO") complaint alleging that she had been terminated because of discrimination based on her national origin, disability, and prior protected EEO activity. On July 10, 2018, the administrative judge dismissed Ms. Young's adverse action appeal for lack of jurisdiction on the ground that Ms. Young was a probationary employee at the time of her removal and was not entitled to full appellate rights from the adverse action against her.

Following that dismissal, Ms. Young filed a complaint with the Office of Special Counsel, alleging that she had been removed from her position because of whistleblowing activities. On June 17, 2019, the Office of Special Counsel advised her that it would not be taking any action in her case. She then filed the IRA appeal at issue in this case with the Board.

## II

In her IRA appeal, Ms. Young alleged that she had disclosed time and attendance violations and a hostile work environment within her agency, which included a refusal to accommodate her disabilities. She alleged that she had been removed from her position as a probationary employee in retaliation for those disclosures. With respect to the time and attendance violations, Ms. Young alleged that she had disclosed that managers were concealing the fact that their teams were not doing any work; that supervisors were representing that employees were present when they were not; that large numbers of employees were on family medical leave status, although supervisors denied that to be the case; and that employees were taking work breaks longer than the 30 minutes allotted for such breaks.

In light of the lack of specificity in Ms. Young's allegations, the administrative judge who was assigned to the case entered an order requiring Ms. Young to make a nonfrivolous showing that she had made protected disclosures that led to her removal. In order to do so, the administrative judge explained, she would be required to allege that she disclosed information that she reasonably believed evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, abuse of authority, or a substantial and specific danger to public health or safety.

The administrative judge informed Ms. Young that "a nonfrivolous allegation [of a protected disclosure] is a claim under oath or penalty of perjury or supported by relevant evidence that if proven, could establish the matters it asserts." The administrative judge also informed her that "[c]onclusory, vague, or unsupported allegations" are not enough to meet that standard. In addition, the administrative judge advised Ms. Young that she had to show that she had raised each of her claims before the Office of Special Counsel and had exhausted her remedies before that agency.

In order to satisfy those requirements, Ms. Young was directed to provide more detailed factual support for her allegations. In particular, she was ordered to file a statement, accompanied by evidence, listing various items including the nature of the protected disclosures, the dates she made those disclosures, and the persons to whom she made the disclosures. Ms. Young did not respond to the administrative judge's order. The administrative judge then dismissed her IRA appeal on the ground that she had failed to set forth any non-frivolous allegations of protected disclosures.[1]

Ms. Young failed to make a sufficient showing that the Board had jurisdiction over her claims, the administrative judge ruled, because she failed to submit evidence or argument as to why she reasonably believed her disclosures were protected. The administrative judge explained that Ms. Young made "unsworn allegations that certain inappropriate conduct occurred," but failed to describe "what facts were known to her which caused her to believe there was truth in the matters she disclosed, or that the violations she disclosed actually occurred." Under those circumstances, the administrative judge concluded, Ms. Young "has failed to allege facts which, if proven, would establish that she had a reasonable belief that the matters that she disclosed actually occurred or that she reasonably believed that the matters she disclosed evidenced a violation of law,

---

[1]  Ms. Young contends that she was unable to file a timely response to the administrative judge's jurisdictional order because of health issues, but she never sought an extension of the deadline for filing her response. Moreover, Ms. Young submitted two other filings during the 10-day period she was given for filing a response to the jurisdictional order, which renders implausible her claim that health issues prevented her from filing a timely response to the jurisdictional order.

rule, or regulation, gross mismanagement, a gross waste of funds, abuse of authority, or a substantial and specific danger to public health or safety."

As for Ms. Young's claims that the agency had retaliated against her for requesting a reasonable accommodation for her disability or for filing EEO complaints, the administrative judge ruled that the type of EEO activity she described "cannot serve to confer Board jurisdiction over her IRA appeal." Similarly, the administrative judge ruled that Ms. Young's allegations that the agency had created a hostile work environment for her in retaliation for her EEO activity was not a valid basis for the Board to exercise jurisdiction over her IRA appeal.

After the administrative judge dismissed Ms. Young's IRA appeal, she petitioned this court for review of the administrative judge's ruling.

### III

At the outset of the appellate proceedings, we issued a show cause order directing the parties to address whether this court has jurisdiction over Ms. Young's appeal in light of the Supreme Court's decision in *Perry v. Merit Systems Protection Board*, 137 S. Ct. 1975 (2017). In *Perry*, the Supreme Court held that the Board's jurisdictional dismissal of a "mixed case" appeal (i.e., an appeal involving both an appealable agency action against an employee and a claim that the action was based, in whole or in part, on discrimination) is appealable to a United States district court, not to this court, even when the Board's dismissal is based on jurisdictional grounds. *Id.* at 1979.

In its response to the show cause order, the Board argued that this court has jurisdiction over any petition for review of a Board decision in an IRA appeal under 5 U.S.C. § 1221. The Board explained that IRA appeals are never "mixed cases" within the meaning of that term as applied by the Supreme Court in *Perry*. Instead, according to the

Board, the *Perry* decision applies to certain petitions for review of adverse action appeals by the Board under 5 U.S.C. §§ 7701 and 7702. Ms. Young did not specifically address the *Perry* decision in her response to the court's order, but urged this court to address her petition on the merits and grant the relief she requested.

We agree with the Board that jurisdiction over this appeal lies with this court (or another circuit court of competent jurisdiction), and not with a district court. This is a petition for review of an IRA appeal, not a petition for review of a "mixed case" appeal in which a claim of discrimination is combined with a challenge to an adverse agency action.

The Supreme Court in *Perry* based its decision on the specific statutory scheme allocating the judicial review of Board decisions in adverse action cases under sections 7701 and 7702 of Title 5. Section 7703(b)(1)(A) of Title 5 provides that petitions for review of final Board decisions must be taken to the Federal Circuit except in two circumstances. First, Board decisions in Whistleblower Protection Act cases can be reviewed by the Federal Circuit or any other circuit court of competent jurisdiction. 5 U.S.C. § 7703(b)(1)(B). Second, Board decisions arising under section 7702, i.e., mixed cases involving adverse agency actions in which the employee alleges that discrimination was a basis for the adverse action, can be reviewed only by district courts. 5 U.S.C. § 7703(b)(2).

The Supreme Court in *Perry* held that the exclusive jurisdiction of district courts in mixed cases applies not only when the Board has decided the case on the merits or on procedural grounds, but also when the Board has dismissed the employee's appeal on jurisdictional grounds. *Perry*, 137 S. Ct. at 1979. Because the Supreme Court's analysis was tied to mixed cases, as described in section 7702, and the assignment of judicial review of such cases, as provided in section 7703(b)(2), it has no application to

petitions for review in IRA cases.  Petitions for judicial review of IRA appeals are governed by a different procedure, set forth in section 7703(b)(1)(B).  Section 7703(b)(1)(B) is not one of the "interwoven statutory provisions" that were at issue in *Perry* and its forerunner, *Kloeckner v. Solis,* 568 U.S. 41, 46 (2012).

Importantly, in an IRA appeal to the Board, the Board's review is limited to the merits of allegations of violations of the Whistleblower Protection Act.  Discrimination claims may not be raised in that context.  *See* 5 C.F.R. § 1209.2(c) (in an IRA appeal the "appellant may not raise affirmative defenses, such as claims of discrimination or harmful procedural error"), *quoted in Rafferty v. Merit Sys. Prot. Bd.*, No. 2017-1793, Dkt. No. 15, at 3 (Fed. Cir. Sept. 7, 2017) (non-precedential order); *see also Newcastle v. Dep't of the Treasury*, 94 M.S.P.R. 242, 246 (2003); *Marren v. Dep't of Justice*, 51 M.S.P.R. 632, 638–39, *aff'd,* 980 F.2d 745 (Fed. Cir. 1992) (table) ("[T]he Board's jurisdiction to review IRA complaints based on personnel actions over which it otherwise does not have appellate jurisdiction is limited to adjudicating the whistleblower allegations."). The *Perry* decision is applicable to "mixed cases" that arise from adverse action appeals, but it has no application to IRA appeals, which by definition are never "mixed cases." *See Zachariasiewicz v. U.S. Dep't of Justice*, 395 F. Supp. 3d 734, 739–40 (E.D. Va. 2019).  We therefore conclude that we have jurisdiction over Ms. Young's petition.

IV

On the merits, we affirm the decision of the Board dismissing Ms. Young's IRA appeal for lack of jurisdiction.

The Whistleblower Protection Act allows a federal employee to seek corrective action from the Board for any personnel action, as defined in the Act, that the employee reasonably believes was taken in retaliation for any act of whistleblowing, as defined in section 2302(b)(8) of Title 5, or for any act set forth in section  2302(b)(9)(A)(i), (B), (C),

or (D) of Title 5. *See* 5 U.S.C. § 1221. Whether an individual has such a reasonable belief is determined by an objective test: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee would reasonably conclude that the actions of the government evidence wrongdoing as defined by the Whistleblower Protection Act. *See Giove v. Dep't of Transp.*, 230 F.3d 1333, 1338 (Fed. Cir. 2000).

A party cannot establish jurisdiction through general assertions, but must provide substantive details. *See Ellison v. Merit Sys. Prot. Bd.*, 7 F.3d 1031, 1036 (Fed. Cir. 1993). Moreover, an employee must exhaust his or her remedies with the Office of Special Counsel before appealing to the Board. 5 U.S.C. § 1214(a)(3).

The record before the Board does not contain Ms. Young's complaint filed with the Office of Special Counsel. However, the Special Counsel's letter closing that office's investigation identifies the claims she made in the proceeding before the Special Counsel as being (1) time and attendance abuses at her agency, (2) a hostile workplace, and (3) discrimination and problems with obtaining a reasonable accommodation for her disability during her employment. Although Ms. Young's submissions before the Board and in this court make reference to a wide variety of claims of misconduct by employees of her agency, the administrative judge properly limited the Board's inquiry to those claims that were shown to have been presented to the Special Counsel.

With respect to Ms. Young's disclosures of alleged time and attendance abuses, the administrative judge found that the evidence she presented to the Board did not constitute a non-frivolous showing that a reasonable person would consider that the violations she alleged evidenced conduct falling within one of the categories of wrongdoing set forth in 5 U.S.C. § 2302(b)(8)(A). We agree.

As the administrative judge found, Ms. Young's allegations of time and attendance violations were conclusory and lacked any specificity as to particular instances in which the violations allegedly occurred.  Her assertions, for example, that employees were taking longer breaks than were permitted and that "no work was being done" were so general in nature that those allegations, standing alone, did not rise to the level of non-frivolous allegations of violations of a law, rule, or regulation, gross mismanagement, a gross waste of funds, or an abuse of authority.

Under those circumstances, it was appropriate for the administrative judge to insist on greater specificity from Ms. Young in order to determine whether she had made non-frivolous allegations of qualifying disclosures.  Yet, when the administrative judge directed Ms. Young to provide additional factual support for her allegations, she did not respond.

Ms. Young also contends that she was retaliated against and subjected to a hostile work environment for filing EEO complaints.  Allegations of retaliation for exercising a Title VII right, however, do not fall within the scope of section 2302(b)(8) of the Whistleblower Protection Act and are therefore not proper subjects for inclusion in an IRA appeal on that ground.  *See Serrao v. Merit Sys. Prot. Bd.*, 95 F.3d 1569, 1575–76 (Fed. Cir. 1996); *Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 689 (Fed. Cir. 1992).  Nor do such allegations fall within the list of other prohibited personnel practices for which the Board can grant corrective action in an IRA appeal.

In the Whistleblower Protection Enhancement Act of 2012 ("WPEA"), Pub. L. No. 112-199, 126 Stat. 1465–76, Congress expanded the list of prohibited personnel practices for which the Board can grant corrective action to include those set forth in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), and (D).  5 U.S.C. § 1221(a).  Section 2302(b)(9)(A)(i) covers retaliation for exercising any appeal, complaint, or

grievance right relating to whistleblowing, i.e, retaliation for seeking to remedy a violation of section 2302(b)(8). *See Hicks v. Merit Sys. Prot. Bd.*, 819 F.3d 1318, 1320 (Fed. Cir. 2016).

Section 2302(b)(9)(A)(ii), which is not included in the list of prohibited personnel practices for which the Board can issue corrective action, covers retaliation for exercising any appeal, complaint, or grievance right other than one seeking to remedy a violation of section 2302(b)(8). Retaliation for filing those other types of complaints is remediable through different mechanisms, and not by an IRA appeal to the Board. *See Hansen v. Merit Sys. Prot. Bd.*, 746 F. App'x 976, 981 n.6 (Fed. Cir. 2018) (reporting allegations of sexual harassment does not constitute a whistleblowing disclosure); *Garvin v. Merit Sys. Prot. Bd.*, 737 F. App'x 999, 1004 (Fed. Cir. 2018) (filing union grievances and EEO complaint do not fall within the WPEA); *Nuri v. Merit Sys. Prot. Bd.*, 695 F. App'x 550, 553 (Fed. Cir. 2017) (filing EEO complaint, unfair labor practice complaint, or grievance is not within Board's IRA jurisdiction because they did not seek to remedy an act of whistleblower reprisal); *Coulibaly v. Merit Sys. Prot. Bd.*, 709 F. App'x 9 (D.C. Cir. 2017) (filing a race discrimination complaint is not a whistleblower disclosure); *Daniels v. Merit Sys. Prot. Bd.*, 832 F.3d 1049, 1055 & n.13 (9th Cir. 2016) (in enacting the WPEA, Congress intended to protect only disclosures of the kind of misconduct listed in section 2302(b)(8)); *Mudd v. Dep't of Veterans Affairs*, 120 M.S.P.R 365, 369–70 (2013) (reprisals for filing grievances, which fall within section 2302(b)(9)(A)(ii), are not within the scope of IRA proceedings). For that reason, Ms. Young's contention that she was removed in part in retaliation for making EEO complaints about the agency's failure to accommodate her disability does not present an issue over which the Board has jurisdiction under 5 U.S.C. § 1221(a).

Ms. Young further argues that the agency failed to accommodate her disability in various ways, such as by

assigning her a one-armed chair and a non-working computer, and not providing her with the keys to the cabinets in her cubicle. Ms. Young contends that the "lack of accommodations for the Appellant represented a substantial and specific danger to the health of the Appellant." In addition, she contends that the agency retaliated against her for requesting that the agency remedy the situation and provide her with reasonable accommodations for her disability.

Contrary to her contentions, Ms. Young's allegations do not establish that she reasonably believed the agency's actions constituted a "substantial and specific danger to public health and safety" within the meaning of section 2302(b)(8). *See* S. Rep. No. 95-969, at 21 (1978) ("[T]he Committee intends that only disclosures of public health or safety dangers which are both *substantial* and *specific* are to be protected."); S. Rep. No. 112-155, at 8 (2012) ("[T]he Committee notes that, with respect to a disclosure of 'gross mismanagement,' a 'gross waste' of funds, or a 'substantial and specific danger to public health or safety,' the statute requires more than disclosure of *de minimis* wrongdoing.").

Ms. Young characterizes her complaints regarding the agency's failure to accommodate her disability as posing a danger to the "health of the Appellant," i.e., to Ms. Young herself, not a substantial danger to the health or safety of the public. For that reason, Ms. Young's "reasonable accommodation" complaints do not qualify as whistleblower disclosures falling within the Board's IRA jurisdiction. And because her complaints to her supervisors regarding the agency's failure to accommodate her disability did not constitute whistleblower disclosures, her contention that she was retaliated against for those complaints did not constitute a form of whistleblower retaliation falling within the Board's IRA jurisdiction.

Finally, as we have noted, the record does not reflect that the various other alleged disclosures that Ms. Young refers to in her brief were presented to the Office of Special

Counsel.  For that reason, the administrative judge was correct to conclude that Ms. Young did not show that she exhausted her administrative remedies with respect to those claims.  Those claims are therefore not properly before this court.  *See Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

Because the administrative judge correctly held that Ms. Young failed to make nonfrivolous allegations that she made disclosures that the Board has jurisdiction to address in an IRA appeal, we uphold the Board's decision dismissing Ms. Young's IRA appeal for lack of jurisdiction.[2]

No costs.

**AFFIRMED**

---

[2]    Ms. Young moved for the appointment of counsel to represent her in this court.  As we have noted, in civil proceedings, the right to the appointment of counsel "is highly circumscribed, and has been authorized in exceedingly restricted circumstances."  *Lariscey v. United States*, 861 F.2d 1267, 1270 (Fed. Cir. 1988).  A pro se party in a civil case such as this one is not entitled to the appointment of counsel as a matter of right, *see Taylor v. Merit Sys. Prot. Bd.*, 527 F. App'x 970, 972 (Fed. Cir. 2013), and the issues in this case are not so complex that we regard it as worthwhile to invite pro bono counsel to represent Ms. Young. The motion for the appointment of counsel is therefore denied.