# United States Court of Appeals for the Federal Circuit

---

**JABEEN N. ABUTALIB,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2023-1400

---

Petition for review of the Merit Systems Protection Board in No. CH-0752-22-0357-I-1.

---

Decided: January 28, 2025

---

J. DEREK MCCORQUINDALE, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Reston, VA, argued for petitioner. Also represented by JAMESON KYLE GARDNER, LUKE HAMPTON MACDONALD.

STEPHEN FUNG, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, argued for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before CHEN, BRYSON, and STOLL, *Circuit Judges*.

BRYSON, *Circuit Judge.*

Jabeen N. Abutalib, a physician with the Veterans Health Administration ("VHA"), sought corrective action from the Merit Systems Protection Board for personnel actions she alleged to be in retaliation for the Equal Employment Opportunity ("EEO") complaint that she filed. The Board held that Dr. Abutalib failed to make a nonfrivolous showing that she had engaged in whistleblowing or other protected activity, and it therefore dismissed her appeal for lack of jurisdiction. We affirm.

I

Dr. Abutalib has worked at the Captain James A. Lovell Federal Health Care Center in Illinois since 2014. During much of that time, she has worked in the Geriatrics and Extended Care Service ("GEC") at the facility. She worked with Dr. William Cotter during some of that time, and he was her direct line supervisor in 2019.

In July 2019, Dr. Abutalib filed an EEO complaint against Dr. Cotter and the VHA, complaining of a hostile work environment and unprofessional conduct by Dr. Cotter.[1] That complaint was initially settled in August 2019 in an agreement that, according to Dr. Abutalib, included a salary adjustment. App. 204. Dr. Abutalib states that when the salary adjustment was not forthcoming, she continued to pursue her EEO complaint, claiming retaliation.

---

[1]    The record does not contain the text of Dr. Abutalib's EEO complaint. *See* Appellant's Br. at 16. Dr. Abutalib, however, characterizes her EEO complaint as having been "against Dr. Cotter and the VHA relating to unprofessional conduct and a hostile work environment." *Id*. at 3. That characterization is consistent with Dr. Abutalib's statements to the Office of Special Counsel, *see* App. 201, and her response to an order to show cause issued by the Board's administrative judge, App. 204.

*Id.* In January 2020, her complaint was settled with an agreement having four components: (1) "Complete biannual pay review for 2019 and retroactively pay from August 2019 to present if warranted"; (2) "Investigate why physician pay is not equal and take action if warranted to ensure standardization"; (3) "Investigate distribution of residency interviews between all GEC providers and ensure a standardized process"; and (4) "Investigate how residents are assigned and ensure standardized process to meet American College of Graduate Medical Education guidelines." App. 211.[2]

During the COVID-19 surge in March 2020, Dr. Abutalib was asked to serve as a hospitalist to oversee acutely ill patients. In July 2020, her pay status was changed from Table 1 to Table 2, which allowed for greater future compensation and increased potential pension and retirement benefits.

At the end of 2021, Dr. Abutalib applied for the position of chief hospitalist at the Lovell Center. Dr. Cotter managed the hiring process for that position. Dr. Abutalib was not selected for that position. She contends that the person who was selected was less qualified than she was and had no prior experience in the Department of Veterans Affairs ("DVA"). App. 203.

In March 2022, the VHA reassigned Dr. Abutalib to her former position in the GEC and reinstated her pay status to Table 1, which was her pay status prior to her temporary assignment during COVID-19 as a hospitalist.

---

[2]    A copy of what purports to be the January 2020 settlement agreement, which was attached to one of Dr. Abutalib's submissions to the Board, is the only document in the record from the 2019–2020 EEO proceedings. App. 211.

On June 27, 2022, Dr. Abutalib filed a whistleblower complaint with the Office of Special Counsel ("OSC").[3] Two days later, she filed an appeal with the Board in which she challenged what she described as a "reduction in grade or pay" she had experienced in March 2022. App. 22–27. The administrative judge who was assigned to the case ordered Dr. Abutalib to file evidence and argument showing that her appeal was timely and was within the Board's jurisdiction. App. 49–58. The administrative judge pointed out that if Dr. Abutalib was appointed as a VHA physician under chapter 74 of title 38, the Board would lack jurisdiction over her adverse agency action claim of a reduction in grade or pay. App. 51.

Dr. Abutalib responded to the order regarding the timeliness of her appeal, explaining that she had been asked to continue her duties as a hospitalist until May 31, 2022, and that she believed she could not appeal "when the duties had not been reassigned." App. 61. She did not respond to the administrative judge's order questioning whether the Board had jurisdiction over her adverse agency action appeal in light of her status as a VHA physician.

In July 2022, the OSC advised Dr. Abutalib that it would not be referring her case for further investigation and was closing the file on her allegations. App. 205–06.

In a further order to show cause entered in September 2022, the administrative judge stated that the Board "may

---

[3] The record does not contain a copy of the whistleblower complaint that Dr. Abutalib filed with the OSC. The substance of the complaint can be inferred, however, from Dr. Abutalib's response to the show cause order in which she lists what she refers to as the "disclosures" she made to the OSC, App. 203–05, and the July 13, 2022 letter to Dr. Abutalib from the OSC, App. 206–08.

not have jurisdiction over the appellant's challenge of the agency's actions regarding her pay," but noted that Dr. Abutalib had alleged that she had filed a complaint with the OSC asserting an "abuse of authority." App. 191. For that reason, the administrative judge advised Dr. Abutalib that her claims may be actionable as an Individual Right of Action ("IRA") appeal under 5 U.S.C. § 1221. To pursue such an IRA appeal, the administrative judge wrote, Dr. Abutalib would have to "establish the Board's jurisdiction over any whistleblowing or other protected activity." App. 191.

The administrative judge explained that to establish Board jurisdiction, Dr. Abutalib would be required to "make nonfrivolous allegations that: (1) she engaged in whistleblowing activity by making a protected disclosure, or engaged in other protected activity . . .; and (2) the disclosure or activity was a contributing factor in the agency's decision to take or fail to take one of the personnel actions listed at 5 U.S.C. § 2302(a)." App. 191–92. The administrative judge apprised Dr. Abutalib that in addition to prohibiting an agency from taking or failing to take a personnel action against an employee for whistleblowing, as defined in 5 U.S.C. § 2302(b)(8), section 2308(b)(9) of the statute prohibits an agency from taking or failing to take a personnel action in retaliation for an employee's exercise of any appeal, complaint, or grievance right with regard to remedying a violation of section 2302(b)(8). App. 193. The administrative judge further advised Dr. Abutalib that if she chose to pursue an IRA appeal, she would have to file a statement, accompanied by evidence, listing her protected disclosures or activities and explaining why she believed those disclosures or activities were contributing factors with regard to the actions taken against her. App. 194.

In her response to the September 2022 order to show cause, Dr. Abutalib identified five "disclosures" that she made to the OSC. App. 203–05.

First, she identified the failure to hire her for the chief hospitalist position and alluded to the reduction in her pay status that she had experienced. She added that she had been informed that the person who was hired for the position was a friend of one of the hiring officials.

Second, again with respect to the hiring of the chief hospitalist, she stated that she regarded hiring a friend as the chief hospitalist to be a form of nepotism.

Third, she stated that Dr. Cotter had denied her a bi-annual pay raise and had reduced her pay status (the subject of her adverse action appeal to the Board).

Fourth, she alleged that VHA management had changed her duties, her supervisor, and her job description without formal notice to her.

Fifth, she asserted that she asked the OSC to review Dr. Cotter's pay, because she believed Dr. Cotter was being compensated as a "table 2 tier 2 employee," when he was eligible only for a "table 1 and tier 2 salary."[4] App. 204.

As part of her response to the order to show cause, Dr. Abutalib submitted various documents relating to her allegations about her alleged demotion and reduction in pay. App. 214–25. In addition, she submitted the text of what she identified as the January 2020 agreement settling her EEO complaint against the agency. App. 211.

In its response, the DVA explained that Dr. Abutalib's pay status was upgraded from Table 1 to Table 2 in March 2020 to compensate her for being assigned as a hospitalist during the pandemic, covering inpatient services and designated COVID units. App. 230. In March 2022, when she was reassigned to the GEC, her pay status was adjusted

---

[4]    Dr. Abutalib also suggested that she objected to her reassignment to the GEC, although she did not identify that allegation as a separate disclosure. *See* App. 204–05.

from Table 2 back to Table 1, which was the appropriate pay table for her position in the GEC. App. 231. The DVA asserted that there was no change in her salary at that time. *Id.*

The DVA also pointed out that Dr. Abutalib's complaint appeared to be that the various adverse actions to which she had been subjected were acts of retaliation for the EEO complaint she filed in 2019. The DVA argued that retaliation for EEO activities does not fall within the Board's jurisdiction. App. 235–36.

In her reply to the DVA's filing, Dr. Abutalib contended that the Board had jurisdiction over her case because the various actions by Dr. Cotter were "an abuse of authority by . . . Dr. Cotter," and that the action taken against her "falls under reprisal of the EEO complain[t] from 2019 against Dr. Cotter." App. 243. In addition, she continued to complain that Dr. Cotter was overcompensated. App. 245.

On October 15, 2022, the administrative judge issued an initial decision dismissing Dr. Abutalib's appeal for lack of jurisdiction, which became the final decision of the Board. App. 1–17. The administrative judge first dismissed Dr. Abutalib's adverse action appeal on the ground that medical professionals occupying her position within the VHA may not appeal to the Board under chapter 75 of title 5 of the U.S. Code for adverse agency actions covered by that chapter. App. 5–6.

The administrative judge also dismissed Dr. Abutalib's IRA appeal, holding that she had "failed to nonfrivolously allege that she engaged in whistleblowing or other protected activity." App. 8. The administrative judge noted that before the OSC, Dr. Abutalib had raised her claims regarding the changes in her pay table and duties, the reduction in her educational time allowance, the failure to interview her or select her for the chief hospitalist position, the selection of a friend of the hiring official as the chief

hospitalist, and the inappropriate compensation for the chief medical examiner at her facility. *Id*. The administrative judge found, however, that the thrust of Dr. Abutalib's allegations was that the DVA had engaged in those actions against her in reprisal for her July 2019 EEO complaint and for discriminatory reasons. *Id*.

The administrative judge explained that "the filing of an EEO discrimination complaint does not constitute whistleblowing or other protected activity for purposes of establishing Board jurisdiction in an IRA appeal." App. 8–9. In particular, the administrative judge held that "complaints of discrimination and reprisal in violation of Title VII do not constitute protected disclosures of a violation of law, rule, or regulation because they pertain to matters of discrimination covered by 5 U.S.C. § 2302(b)(1) and are actionable through other administrative mechanisms, such as the EEO process." App. 9. The administrative judge also noted that Dr. Abutalib "[did] not contend that her EEO protected activity concerned remedying a violation of section 2302(b)(8)." *Id*.

Dr. Abutalib timely filed an appeal to this court.

## II

The IRA statute provides that a federal employee may seek corrective action from the Board "with respect to any personnel action taken, or proposed to be taken, against such employee . . . as a result of a prohibited personnel practice described in section 2302(b)(8) or section 2302(b)(9)(A)(i), (B), (C), or (D)." 5 U.S.C. § 1221(a). Section 2302(b)(8) prohibits taking or failing to take any personnel action because of certain whistleblowing disclosures: specifically, any disclosure of information that the employee "reasonably believes evidences . . . (i) any violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." Section 2302(b)(9)(A)(i) prohibits taking or failing

to take any personnel action because of an employee's "exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation . . . with regard to remedying a violation of [section 2302(b)(8)]."

The Board, however, lacks jurisdiction when the employee seeks corrective action for a prohibited personnel practice described in section 2302(b)(9)(A)(ii), which concerns "the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation . . . other than with regard to remedying a violation of [section 2302(b)(8)]." *See Young v. Merit Sys. Prot. Bd.*, 961 F.3d 1323, 1329 (Fed. Cir. 2020). Retaliatory personnel actions against an employee who filed a complaint that did not seek to remedy a violation of section 2302(b)(8) are thus "remediable through different mechanisms, and not by an IRA appeal to the Board." *Id.*

On appeal, Dr. Abutalib contends that the Board has jurisdiction over her claims because the settlement agreement for her 2019 EEO complaint constituted evidence that "her EEO activity included whistleblower allegations sufficient to establish jurisdiction under § 2302(b)(9)." Appellant's Br. at 13–14. According to Dr. Abutalib, the settlement agreement establishes that she "necessarily alleged that VHA practice violated 'a law, rule, or regulation' or constituted 'gross management, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety'" during her EEO activity. *Id.* at 17. In other words, Dr. Abutalib argues that the Board has jurisdiction because the VHA retaliated against her for filing a complaint seeking to remedy a violation of 5 U.S.C. § 2302(8), which in turn violated section 2302(b)(9)(A)(i).

There are two problems with that argument. The first is that Dr. Abutalib never made that argument to the administrative judge. Although the settlement agreement was included among a variety of papers Dr. Abutalib

submitted in response to the administrative judge's order to show cause, she did not contend that the settlement agreement constituted, or was evidence of, whistleblowing disclosures made during her EEO activity, sufficient to establish jurisdiction under either section 2302(b)(8) or section 2302(b)(9)(A)(i).

Dr. Abutalib argued before the administrative judge that the VHA and Dr. Cotter retaliated against her because of her EEO complaint, but she did not allege "that her EEO protected activity concerned remedying an alleged violation of section 2302(b)(8)." App. 9. As explained below, the theory that Dr. Abutalib presented to the administrative judge cannot support Board jurisdiction. A claim of retaliation for filing an EEO complaint that does no more than allege Title VII violations is not within the Board's jurisdiction. *See Young*, 961 F.3d at 1329 ("Allegations of retaliation for exercising a Title VII right, however, do not fall within the scope of section 2302(b)(8) . . . and are therefore not proper subjects for inclusion in an IRA appeal on that ground."); *Edwards v. Dep't of Labor,* 2022 MSPB 9, 2022 WL 1438663, at *3–5 (MSPB May 5, 2022), *aff'd*, No. 2022-1967, 2023 WL 4398002 (Fed. Cir. July 7, 2023).

Because the theory Dr. Abutalib pressed before the administrative judge failed to state a claim within the Board's jurisdiction, she has refashioned her argument on appeal. She now contends that the EEO settlement agreement is evidence that her claims of EEO violations constituted whistleblowing disclosures under section 2302(b)(8)(A). Not having made that argument before the administrative judge, she cannot make it now, for the first time, before this court.[5]

---

[5]    To excuse her failure to raise before the administrative judge the argument she makes before this court, Dr. Abutalib contends that the administrative judge

The second problem with Dr. Abutalib's argument is that the matters addressed in the settlement agreement (from which she asks the court to infer the substance of whistleblowing disclosures made in her EEO activity) were not the subjects of her complaint to the OSC. She therefore failed to exhaust her administrative remedies before the OSC with respect to those purported disclosures, which is a jurisdictional prerequisite for filing an IRA appeal with the Board. *See Smolinski v. Merit Sys. Prot. Bd.*, 23 F.4th 1345, 1353 (Fed. Cir. 2022); *Young*, 961 F.3d at 1330; *Willis v. Dep't of Agric.*, 141 F.3d 1139, 1144 (Fed. Cir. 1998); *Ellison v. Merit Sys. Prot. Bd.*, 7 F.3d 1031, 1037 (Fed. Cir. 1993).

---

should have explained the jurisdictional requirements of an IRA appeal in more detail than was done in the order to show cause. Appellant's Br. 19–20. In particular, Dr. Abutalib faults the Board for "fail[ing] to explain that documents and facts underlying an EEO activity could help provide the basis of jurisdiction." *Id.* at 20. There is no merit to that contention. The order to show cause suggested to Dr. Abutalib that she might wish to pursue an IRA appeal, even though the appeal she filed with the Board was a chapter 75 appeal from adverse agency actions. *See* App. 191. The administrative judge then provided a detailed three-page description of what Dr. Abutalib would be required to nonfrivolously allege that she made a protected whistleblowing disclosure or otherwise engaged in a protected activity, such as by filing a complaint with regard to remedying a violation of section 2302(b)(8). We regard that description as fully adequate to satisfy the Board's obligation to describe the requirements for establishing jurisdiction, even when the claimant is proceeding *pro se*, as Dr. Abutalib was in the proceedings before the administrative judge.

Although the settlement agreement does not set forth disclosures as such, it is inferable that Dr. Abutalib was concerned with equal pay among physicians, the distribution of residency interviews, and the use of standardized procedures in assigning residents to satisfy guidelines of the American College of Graduate Medical Education. *See* App. 211. Before the OSC, however, Dr. Abutalib alleged that she was not interviewed for, or hired for, the position of chief hospitalist; that the position had gone to a less qualified candidate who was a friend of one of the hiring officials; that she had not received a pay increase that she was due; that management had changed her duties and her job description without notice and had reduced her educational time allowance without explanation; and that Dr. Cotter was being overpaid. *See* App. 203–04.

The only statement in the settlement agreement that relates in any way to Dr. Abutalib's OSC complaint was the agreement to "[i]nvestigate why physician pay is not equal." App. 211. But Dr. Abutalib does not contend in her brief that the complaint about Dr. Cotter's pay that she made to the OSC was connected to an earlier whistleblowing disclosure about unequal physician pay. In any event, the reference to unequal physician pay in the settlement agreement is too general to constitute a whistleblowing disclosure, even assuming the terms of the settlement agreement could be regarded as evidence of disclosures at all. *See Young*, 961 F.3d at 1328 ("A party cannot establish jurisdiction through general assertions but must provide substantive details."); *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 910 (Fed. Cir. 2008); *Ellison*, 7 F.3d at 1036.

With regard to Dr. Abutalib's allegation that Dr. Cotter was being overpaid, the OSC's letter responding to Dr. Abutalib's allegations stated that the OSC "lacks evidence that management officials have violated a law, rule, or regulation in their compensation of [Dr. Cotter]." App. 208. Dr. Abutalib did not offer any such evidence before the Board, or any explanation for why she reasonably

believed Dr. Cotter was being overpaid. More to the point, the alleged disclosure for which she claimed retaliation would have to be the very general disclosure inferably made by Dr. Abutalib during the EEO proceedings that "physician pay is not equal," App. 211, not the more specific complaint about Dr. Cotter that Dr. Abutalib made for the first time to the OSC in June 2022. And, as noted, that earlier disclosure lacked the specificity necessary to qualify as a whistleblowing disclosure.

We do not suggest that a disclosure that would otherwise qualify as whistleblowing does not so qualify if it is made in the context of proceedings on an EEO complaint. The fact that the Board does not have jurisdiction over retaliation for EEO activities does not mean that the Board lacks jurisdiction over claims of retaliation for true whistleblowing disclosures just because those disclosures may have been made in the course of EEO proceedings. In this case, however, Dr. Abutalib failed to make a nonfrivolous showing that she made a disclosure qualifying as a whistleblowing disclosure for which the VHA retaliated against her. Nor has she shown that she exhausted her administrative remedies with respect to the disclosures on which she now relies. We therefore uphold the administrative judge's order dismissing her appeal.

**AFFIRMED**

COSTS

No costs.