NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CONTESSA MCCLOUD,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-2376

---

Petition for review of the Merit Systems Protection Board in No. AT-1221-22-0314-W-1.

---

Decided:  July 11, 2025

---

CONTESSA MCCLOUD, Geneva, AL, pro se.

CONSTANCE E. TRAVANTY, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before LOURIE and PROST, *Circuit Judges*, and BUMB, *Chief District Judge*.[1]

PER CURIAM.

Contessa McCloud petitions for review of the final order of the Merit Systems Protection Board ("the Board") denying her petition for review and affirming the dismissal of her individual right of action ("IRA") appeal for lack of jurisdiction. *McCloud v. Dep't of Veterans Affs.*, No. AT-1221-22-0314-W-1, 2024 WL 3690748 (M.S.P.B. Aug. 6, 2024) ("*Final Order*"); *see also McCloud v. Dep't of Veterans Affs.*, No. AT-1221-22-0314-W-1, 2022 WL 2193217 (M.S.P.B. June 16, 2022) ("*Initial Decision*"), R.A. 12–33.[2]

For the following reasons, we *affirm*.

## BACKGROUND

At all relevant times, McCloud was employed as a Respiratory Therapist at the Department of Veterans Affairs Health Care System in Montgomery, Alabama. *Final Order*, at *1. On February 26, 2022, McCloud filed a whistleblower complaint with the Office of Special Counsel ("OSC"), alleging that, in reprisal for filing Equal Employment Opportunity ("EEO") complaints of discrimination, agency officials denied her request for a reasonable accommodation, issued her a written counseling, and subjected her to a hostile work environment. *Id.*; *see* R.A. 50–53. After OSC closed out the complaint, McCloud filed an individual right of action ("IRA") appeal at the Board. R.A. 92–120.

---

[1] Honorable Renée M. Bumb, Chief Judge, United States District Court for the District of New Jersey, sitting by designation.

[2] "R.A." refers to the appendix filed with Respondent's brief.

In an initial decision, the administrative judge ("AJ") found that McCloud had failed to exhaust her administrative remedies before OSC. *Initial Decision*, R.A. 18–22. The AJ further explained that, even if McCloud had exhausted those remedies, long-standing precedent held that retaliation for filing an EEO complaint for discrimination is not redressable in an IRA appeal. *Id.*, R.A. 22–25. Therefore, the AJ dismissed the appeal because the Board did not have jurisdiction over McCloud's claim. *Id.*, R.A. 25.

McCloud petitioned for Board review of the initial decision. The Board modified the AJ's decision as to the exhaustion requirement—finding that McCloud had sufficiently exhausted her administrative remedies—but otherwise affirmed the determination that the Board lacked jurisdiction. *Final Order*, at *2–3. The Board therefore denied McCloud's petition for review. *Id.* at *1.

McCloud timely petitioned for review in this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We review the Board's jurisdictional determinations *de novo* and any findings of fact underlying such determinations for substantial evidence. *Jones v. Merit Sys. Prot. Bd.*, 98 F.4th 1376, 1380 (Fed. Cir. 2024).

Under the Whistleblower Protection Act, a federal employee may seek corrective action from the Board "with respect to any personnel action taken, or proposed to be taken, against such employee . . . as a result of a prohibited personnel practice described in section 2302(b)(8) or section 2302(b)(9)(A)(i), (B), (C), or (D)." 5 U.S.C. § 1221(a). Section 2302(b)(8) prohibits taking or failing to take any personnel action because of any disclosure of information that the employee "reasonably believes evidences . . . (i) any violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or

a substantial and specific danger to public health or safety." Section 2302(b)(9)(A)(i) prohibits taking or failing to take any personnel action because of an employee's "exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation . . . with regard to remedying a violation of [section 2302(b)(8)]."

But the Board lacks jurisdiction when the employee seeks corrective action for a prohibited personnel practice described in section 2302(b)(9)(A)(ii), which concerns "the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation . . . other than with regard to remedying a violation of [section 2302(b)(8)]." *See Young v. Merit Sys. Prot. Bd.*, 961 F.3d 1323, 1329 (Fed. Cir. 2020). "Retaliation for filing those other types of complaints is remediable through different mechanisms, and not by an IRA appeal to the Board." *Id.* (collecting cases).

McCloud seeks corrective action based on alleged retaliation taken in response to her filing of EEO complaints. But allegations of retaliation based on EEO complaints fall within the scope of section 2302(b)(9)(A)(ii), and therefore outside the Board's jurisdiction. *Young*, 961 F.3d at 1329; *see Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 692 (Fed. Cir. 1992) (explaining that employees cannot maintain simultaneous Board and EEOC jurisdiction to resolve the same alleged violations); *cf. Abutalib v. Merit Sys. Prot. Bd.*, 127 F.4th 373, 381 (Fed. Cir. 2025) ("The fact that the Board does not have jurisdiction over retaliation for EEO activities does not mean that the Board lacks jurisdiction over claims of retaliation for true whistleblowing disclosures just because those disclosures may have been made in the course of EEO proceedings."). Here, the Board correctly concluded that it does not have authority to resolve McCloud's IRA appeal because her EEO complaints forming the basis of her appeal do not concern remedying any violation of section 2302(b)(8) and, therefore, are not within the purview of section 2302(b)(9)(A)(i).

CONCLUSION

We have considered McCloud's remaining arguments and find them unpersuasive.[3]  For the foregoing reasons, the Board's dismissal of McCloud's IRA appeal for lack of jurisdiction is *affirmed*.

**AFFIRMED**

COSTS

The parties shall bear their own costs.

---

[3]  On July 2, 2025, we received from McCloud an untimely Memorandum in Lieu of Oral Argument.  Although untimely, we have considered the substance of the filing and conclude that it does not affect our decision in this case.