NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**J. CARROLL-HARRIS,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2024-2213

---

Petition for review of the Merit Systems Protection Board in No. CH-1221-15-0543-W-1.

---

Decided:  May 7, 2026

---

CYNTHIA JOYCE GAITHER, Detroit, MI, argued for petitioner.

MATTHEW LEWIS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent.  Also represented by LAURA OFFENBACHER ARADI, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY,  BRETT SHUMATE.

---

Before HUGHES and CUNNINGHAM, *Circuit Judges*, and
BURROUGHS, *District Judge*.[1]

BURROUGHS, *District Judge*.

Jennifer Carroll-Harris claims that the Department of
Veterans Affairs ("VA") fired her and took other personnel
actions against her in retaliation for protected whistleblow-
ing activity. She filed a complaint with the Office of Special
Counsel and subsequently filed an individual-right-of-ac-
tion ("IRA") appeal to the Merit Systems Protection Board
("Board"). An administrative judge issued an initial deci-
sion denying her appeal and the Board affirmed that deci-
sion in a final order. Because the Board correctly
concluded that Carroll-Harris did not prove that the VA re-
taliated against her for protected whistleblowing activity,
we *affirm*.

## BACKGROUND

Carroll-Harris, a Navy veteran, worked for the VA at
the John D. Dingell VA Medical Center in Detroit, Michi-
gan, from 2001 to 2005 and from 2013 to 2015. Between
2013 and 2015, she was employed as a Medical Support As-
sistant.

In 2004 to 2005, Carroll-Harris complained to the VA
Office of Inspector General that the VA employed doctors
without proper medical licenses, improperly disposed of
documents containing patient identifying information, and
left doctor's orders on printers close to open traffic areas.
Many years later, in 2012, after the VA failed to select her
for several positions, including a position as a Medical Sup-
port Assistant, she complained to the Department of Labor
("DOL"), claiming that the VA had failed to properly

---

[1]    Honorable Allison D. Burroughs, District Judge,
United States District Court for the District of Massachu-
setts, sitting by designation.

account for her veterans' preference. In April 2014, she filed an Equal Employment Opportunity ("EEO") complaint, alleging that the VA had failed to accommodate her disability, including by failing to provide her with speech recognition software. In November 2014, the VA reassigned Carroll-Harris from her position in the nursing-home unit to one in the same-day-surgery unit. The VA removed her effective March 13, 2015, for inappropriate and unprofessional behavior, failure to follow a direct order, and absence without leave.

On March 22, 2015, Carroll-Harris filed the underlying whistleblower retaliation complaint with the Office of Special Counsel, alleging that the VA's decision to remove her and to take other personnel actions against her was retaliation for protected disclosures and activities between 2004 and 2014. In May 2015, the Office of Special Counsel advised Carroll-Harris that it would not be taking any action in her case and told her that she had a right to seek corrective action from the Merit Systems Protection Board.

In July 2015, Carroll-Harris timely filed an IRA appeal with the Board. In January 2017, after a three-day hearing, an administrative judge issued an initial decision denying Carroll-Harris's request for corrective action. The administrative judge concluded (1) that Carroll-Harris's 2004–05 complaint was a protected disclosure but that her 2012 and 2014 complaints were not, and (2) that her 2012 nonselection and her 2015 removal were adverse personnel actions within the meaning of the Whistleblower Protection Act ("WPA") but that her 2014 reassignment was not. The administrative judge also found that her 2004–05 complaint was not a contributing factor to her nonselection or removal because Carroll-Harris had failed to prove that two agency officials, Michelle Werner and Dr. Pamela Reeves, who testified at the hearing, had either actual or constructive knowledge about her complaint when they proposed or decided her nonselection or removal.

In February 2017, Carroll-Harris petitioned for review of the initial decision by the full Board. In May 2024, the Board issued its final order. The Board agreed that Carroll-Harris's 2012 and 2014 complaints were not protected disclosures and that her 2014 reassignment was not a personnel action. The Board also agreed that Carroll-Harris failed to prove that her 2004–05 disclosure was a contributing factor in either her nonselection or removal. It based this determination, in part, on the administrative judge's finding that the officials involved in Carroll-Harris's 2012 nonselection and 2015 removal did not know about her 2004–05 disclosure, deferring to this finding because it was based on the demeanor of the officials who testified at the hearing. The Board additionally concluded that the agency's selection of a nonveteran over Carroll-Harris in 2012 without following required pass-over procedures was the result of the agency's mistaken belief that those procedures did not apply to the position in question, rather than any retaliatory motive. The Board also emphasized that the agency's stated reasons for removing Carroll-Harris in 2015 were strong and noted that Carroll-Harris's 2004–05 complaint was not directed at either Werner or Reeves. Accordingly, the Board denied Carroll-Harris's petition for review and affirmed the administrative judge's denial of corrective action.

Carroll-Harris's petition for this court's review was received on August 7, 2024, outside the sixty-day window to file, and the agency thus moved to dismiss as untimely. ECF No. 1; ECF No. 21. The agency's motion was denied "without prejudice to [the agency] making its arguments in its response brief," ECF No. 26, which the agency failed to do. Because the timing requirement of 5 U.S.C. § 7703(b)(1) "is not jurisdictional," *Harrow v. Dep't of Def.*, 601 U.S. 480, 482 (2024), we exercise our discretion to reach the merits of Carroll-Harris's petition. We have jurisdiction over this appeal under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We review the Board's decisions under 5 U.S.C. § 7703(c), which permits us to set them aside only if they are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Biswas v. Dep't of Veterans Affs.*, 127 F.4th 332, 339 (Fed. Cir. 2025).

To establish a prima facie case of reprisal under the WPA, as amended in 2012, an employee must prove by a preponderance of the evidence that (1) she made a disclosure or engaged in activity covered by 5 U.S.C. § 2302(b)(8) or (b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in a personnel action prohibited under the statute. 5 U.S.C. § 1221(e)(1); *see also Sistek v. Dep't of Veterans Affs.*, 955 F.3d 948, 953 (Fed. Cir. 2020). Once the employee has done so, the agency may rebut the employee's prima facie case with "clear and convincing evidence that it would have taken the same personnel action in the absence of such disclosure." 5 U.S.C. § 1221(e)(2).

Carroll-Harris argues that the Board erred in holding that her 2012 complaint to the DOL and her 2014 EEO complaint were not protected disclosures covered by the WPA and in finding that her 2004–05 disclosure was not a contributing factor to the agency's decisions not to select her for a Medical Support Assistant position in 2012 and to remove her in 2015. We disagree.

### A

The Board correctly concluded that Carroll-Harris's 2012 complaint to the DOL and her 2014 EEO complaint were not disclosures protected by the WPA.

The WPA provides federal employees the right to seek corrective action from the Board for the prohibited

personnel practices enumerated in 5 U.S.C. § 1221(a). This includes the prohibited personnel practices outlined in §§ 2302(b)(8) and (b)(9)(A)(i). *See* 5 U.S.C. § 1221(a). Carroll-Harris argues that her DOL and EEO complaints qualified as whistleblower disclosures pursuant to § 2302(b)(8)(A)(i), which protects "any disclosure of information by an employee . . . which the employee . . . reasonably believes evidences . . . any violation of any law, rule, or regulation." We have, however, repeatedly rejected the argument that exercising a grievance or complaint right is protected by § 2302(b)(8). The statute "differentiate[s] between reprisal based on disclosure of information," i.e., retaliation for whistleblowing covered by § 2302(b)(8), and "reprisal based upon exercising a right to complain," i.e., retaliation for filing a complaint or grievance. *Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 690 (Fed. Cir. 1992); *see also Abutalib v. Merit Sys. Prot. Bd.*, 127 F.4th 373, 378–79 (Fed. Cir. 2025); *Young v. Merit Sys. Prot. Bd.*, 961 F.3d 1323, 1329 (Fed. Cir. 2020); *Serrao v. Merit Sys. Prot. Bd.*, 95 F.3d 1569, 1575 (Fed. Cir. 1996). And retaliation for filing a complaint or grievance, regardless of its substance, is protected by § 2302(b)(9)(A), not (b)(8). *See Serrao,* 95 F.3d at 1576. Thus, Carroll-Harris's DOL and EEO complaints cannot be protected disclosures under § 2302(b)(8).

Section 2302(b)(9)(A) protects against retaliation for exercising complaint rights, but it has two subparts, only the first of which can form the basis for a whistleblower retaliation claim under the IRA cause of action. *See* 5 U.S.C. §§ 2302(b)(9)(A)(i)–(ii), 1221(a). Section 2302(b)(9)(A)(i) protects employees from "retaliation for exercising any appeal, complaint or grievance right *relating to whistleblowing*, i.e., retaliation for seeking to remedy a violation of [§ 2302(b)(8)]." *Young*, 961 F.3d at 1329 (emphasis added). Section 2302(b)(9)(A)(ii), by contrast, is not included in the list of prohibited personnel practices actionable under § 1221(a) and covers retaliation for filing other

types of complaints, i.e., complaints that do not seek to remedy a violation of § 2302(b)(8). *Id.* Retaliation for filing such complaints is not remediable by an IRA appeal to the Board, but, rather, "through different mechanisms." *Id.*

Here, Carroll-Harris's DOL and EEO complaints did not concern remediating an instance of retaliation for whistleblowing, so any retaliation claim for filing them falls under § 2302(b)(9)(A)(ii), not § 2302(b)(9)(A)(i), and is thus not actionable under § 1221(a). Because neither complaint sought to remedy a violation of § 2302(b)(8), the Board correctly concluded that Carroll-Harris's claims that the VA retaliated against her for filing them were not within the Board's jurisdiction under § 1221(a). Section 1221(a) permits the Board to order corrective action based only on the prohibited personnel practices described in § 2302(b)(8) and (b)(9)(A)(i), (B), (C), or (D), which do not include violating a veterans' preference, 5 U.S.C. § 2302(b)(11), or disability discrimination, *id.* § 2302(b)(1).

B

With regard to Carroll-Harris's 2004–05 disclosure to the VA Office of Inspector General, substantial evidence supports the Board's finding that it was not a contributing factor in the agency's decisions not to select her for a Medical Support Assistant position in 2012 and then to fire her in 2015. An employee may establish that a disclosure is a contributing factor through circumstantial evidence that "the official taking the personnel action knew of the disclosure" and "the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure . . . was a contributing factor in the personnel action." 5 U.S.C. § 1221(e)(1). Here, the administrative judge expressly credited testimony by Werner, who was responsible for selecting Medical Support Assistants hired in 2012 and proposed Carroll-Harris's removal in 2015, and Reeves, who removed Carroll-Harris, that they did not know of Carroll-Harris's 2004–05 disclosure. The Board

did not disturb this credibility finding in its review, and Carroll-Harris's assertion that Reeves's testimony was not credible because she knew about Carroll-Harris's EEO complaint is insufficient to overcome the administrative judge's "virtually unreviewable" credibility determination on appeal. *Hambsch v. Dep't of Treasury*, 796 F.2d 430, 436 (Fed. Cir. 1986). Thus, substantial evidence supports the Board's finding that Carroll-Harris could not satisfy the statutory knowledge/timing test.

The Board also relied on evidence other than knowledge and timing. Regarding Carroll-Harris's nonselection for a Medical Support Assistant position in 2012, the Board noted that (1) Werner denied any knowledge of the decision not to select Carroll-Harris; (2) the record suggested that the agency's selection of a nonveteran for the position without requesting permission for the pass-over from the Office of Personnel Management was due to the agency's mistaken belief that such permission was not required for the position rather than any retaliatory motive; and (3) Werner later selected Carroll-Harris for another Medical Support Assistant position, further suggesting that her prior nonselection was due to a misapplication of the pass-over procedures rather than any retaliatory motive. Regarding Carroll-Harris's removal in 2015, the Board found the agency's stated reasons for removing her—namely, inappropriate and unprofessional behavior, failure to follow a direct order, and absence without leave—to be strong and emphasized that Carroll-Harris's 2004–05 complaint was not directed at either Werner or Reeves. This evidence provides further support for the Board's finding that Carroll-Harris's 2004–05 disclosure was not a contributing factor to her 2012 nonselection or her 2015 removal. Carroll-Harris's argument that her nonselection and removal were retaliatory is, at best, a request for us to reweigh the evidence on appeal, which we may not do. *See Jones v. Dep't of Health & Hum. Servs.*, 834 F.3d 1361, 1369 (Fed. Cir. 2016) ("Under the substantial evidence

standard of review, we 'do[] not reweigh evidence on appeal.'" (quoting *In re NTP, Inc.*, 654 F.3d 1279, 1292 (Fed. Cir. 2011))).

## CONCLUSION

We have considered Carroll-Harris's other arguments and find them unpersuasive. For the foregoing reasons, we *affirm* the Board's decision.

## AFFIRMED

## COSTS

No costs.