NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**DICHONDRA V. BOWDEN,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

_____

2024-1968

_____

Petition for review of the Merit Systems Protection Board in No. SF-1221-18-0323-W-1.

_____

Decided: May 15, 2025

_____

DICHONDRA V. BOWDEN, Moreno Valley, CA, pro se.

LAURA OFFENBACHER ARADI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by REGINALD THOMAS BLADES, JR., PATRICIA M. MCCARTHY, YAAKOV ROTH.

_____

Before TARANTO, CHEN, and HUGHES, *Circuit Judges*.

PER CURIAM.

Dichondra V. Bowden petitions for review from the final decision of the Merit Systems Protection Board (Board), which denied Ms. Bowden's individual right of action (IRA) appeal and concluded that the United States Department of Veterans Affairs (VA) met its burden to show that it would have removed Ms. Bowden notwithstanding Ms. Bowden's protected disclosures. *See Bowden v. Dep't of Veterans Affs.*, No. SF-1221-18-0323-W-1, 2024 WL 1619380 (M.S.P.B. Apr. 12, 2024) (*Modified Decision*); *Bowden v. Dep't of Veterans Affs.*, No. SF-1221-18-0323-W-1, 2018 WL 3349544 (M.S.P.B. July 5, 2018) (SAppx 20–39)[1] (*Initial Decision*).[2]  For the following reasons, we *affirm*.

## BACKGROUND

Ms. Bowden was a Nursing Assistant at a VA Community Living Center in Loma Linda, California.  On July 17, 2017, she filed a complaint with the United States Office of Special Counsel (OSC), alleging that the VA terminated her employment as retaliation for whistleblowing.  After the OSC concluded its investigation, Ms. Bowden appealed to the Board.  Ms. Bowden cited to three emails she sent as support for her protected disclosures.  The first email was sent to the Medical Center Director, Ms. Fallen, and an Equal Employment Opportunity representative on August 17, 2015.  In the email, Ms. Bowden not only alleged that her supervisor and coworkers were behaving inappropriately (e.g., arriving late, leaving early, and taking long lunches), but also that her coworkers were mistreating her

---

[1]    "SAppx" refers to the appendix filed with the government's informal brief.

[2]    Because the electronic version of the initial decision lacks page designations, we employ the pagination used in the decision at SAppx 20–39.

for reporting these issues to her supervisor. *Modified Decision*, 2024 WL 1619380, at *1; SAppx 40–41. The second email was sent to Ms. Fallen on October 9, 2016. In this email, Ms. Bowden reported an incident where a fellow nurse attacked her. Ms. Bowden further stated that she no longer felt safe working with this nurse. The final email was sent on November 12, 2016. This email contained the forwarded content of the October 9, 2016 email and additional disclosures that Ms. Bowden has been facing continued harassment and retaliation at work.

The Board considered Ms. Bowden's evidence and, following a hearing, found that Ms. Bowden's August 17, 2015 and October 9, 2016 emails contained protected disclosures and that her November 12, 2016 email contained protected disclosures in part. *Modified Decision*, 2024 WL 1619380, at *2. However, the Board found that the August 17, 2015 email was sent to the wrong email address, so Ms. Fallen was aware of Ms. Bowden's protected disclosures made in only the October 9, 2016 and November 12, 2016 emails that she received. *Id.* at *4–5. Despite finding that the August 17, 2015 email was not a contributing factor, the Board held that Ms. Bowden presented sufficient evidence to establish a prima facie case showing that her other protected disclosures were a contributing factor in her removal. *Id.* at *2; *see* 5 U.S.C. § 1221(e)(1). This shifted the burden to the VA to show by clear and convincing evidence that it would have removed Ms. Bowden notwithstanding her protected disclosures. *Modified Decision*, 2024 WL 1619380, at *5; *see* 5 U.S.C. § 1221(e)(2).

Although the Board found that Ms. Bowden's disclosures might have provided some motive to retaliate and the VA provided no evidence that it took similar action against similarly situated non-whistleblowers, it determined that the VA's evidence in support of its removal action outweighed the other two considerations. *Modified Decision*, 2024 WL 1619380, at *5–7; *see also Carr v. Soc. Sec.*

*Admin.*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).[3] The Board credited evidence demonstrating that Ms. Bowden was Absent Without Leave (AWOL) for at least 238.5 hours between January and May 2017, and noted that under the VA's table of penalties, a third offense of unexcused/unauthorized absence is punishable by up to removal.[4] *Modified Decision*, 2024 WL 1619380, at *5, *6 n.4. Accordingly, the Board found that the agency met its burden. *Id.* at *6–7. Ms. Bowden petitions this court for review. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Under 5 U.S.C. § 7703(c), we may set aside an action of the Board only if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *McIntosh v. Dep't of Def.*, 53 F.4th 630, 638 (Fed. Cir. 2022) (citation omitted). Ms. Bowden, as the petitioner, bears the burden of establishing that the Board committed reversible error. *See Link v. Dep't of Treasury*, 51 F.3d 1577, 1581 (Fed. Cir. 1995).

Ms. Bowden argues that the Board did not consider all the relevant facts and applied the wrong law. Pet'r's

---

[3]    In determining whether the agency has met its burden, we consider factors such as (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of agency officials involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr*, 185 F.3d at 1323.

[4]    The removal at issue represents Ms. Bowden's third offense of unexcused/unauthorized absence. *Modified Decision*, 2024 WL 1619380, at *6 n.4.

Informal Br. at 1–3. Specifically, Ms. Bowden contends: (1) the Board interfered with her witness and evidence; (2) the VA misled the Board regarding the date of her removal to circumvent Americans with Disabilities Act (ADA) protections to which she was entitled and terminate her employment; (3) the Board modified the administrative judge's initial decision to acknowledge that there was retaliation related to Ms. Bowden's disability discrimination, but improperly dismissed the claim due to lack of jurisdiction; (4) the Board did not properly apply the *Douglas* factors in determining whether Ms. Bowden could keep her job; and (5) the Board did not address Ms. Bowden's challenges based on Title VII of the Civil Rights Act, as well as the Fourteenth Amendment. *Id.* at 2–3; ECF No. 1-2 at 1–3, 10–11. Reviewing the record, we see no basis for setting aside the Board's final decision.

Ms. Bowden first contends that the Board improperly excluded evidence that should have been a part of the record. Pet'r's Informal Br. at 2; ECF No. 1-2 at 1–2. She posits that the administrative judge requested the VA to submit a Work Status Report to replace her own Work Status Report that was already in the record. Pet'r's Informal Br. at 2; ECF No. 1-2 at 1. Ms. Bowden argues this medical evidence contains a recommendation from her doctor that she should not work from July 6, 2017 through August 16, 2017. ECF No. 1-2 at 1. According to Ms. Bowden, the VA ignored this recommendation and wrongfully denied her disability accommodations, which would have excused her being AWOL. ECF No. 1-2 at 1–2; *see also* Resp't's Informal Br. at 7–8. In denying her requests for accommodations, Ms. Bowden asserts that the VA caused her to incur additional AWOL hours that ultimately resulted in her termination. ECF No. 1-2 at 1–2; *see also* Resp't's Informal Br. at 8–10.

These assertions do not show that the Board erred in finding the VA met its burden to establish that it would have removed Ms. Bowden notwithstanding her

whistleblowing activity. First, contrary to her argument, Ms. Bowden's medical evidence was included in the record before the Board. *See Initial Decision*, at 10–11; SAppx51–52. The Board considered Ms. Bowden's evidence and found that most of the doctor's recommended periods of time off did not implicate her AWOL hours between January and May 2017. *Initial Decision*, at 10. To the extent that one Work Status Report could have excused Ms. Bowden's AWOL hours between January 4 and February 7, 2017, the Board found that Ms. Bowden would still be AWOL for 238.5 hours. *Id.* The Board reasonably determined this was still "a significant number of hours" and the 238.5 AWOL hours could support the agency's personnel action under the first *Carr* factor. *Id.* at 10–12. Second, to the extent that Ms. Bowden argues that the agency's denial of reasonable accommodation (e.g., her request for leave or to transfer her to another unit) evinces a violation of the ADA, the Board correctly concluded that it lacked jurisdiction over such a claim in the context of an IRA appeal. *Modified Decision*, 2024 WL 1619380, at *7*; see also Young v. MSPB*, 961 F.3d 1323, 1327–28 (Fed. Cir. 2020) ("[I]n an IRA appeal to the Board, the Board's review is limited to the merits of allegations of violations of the Whistleblower Protection Act."). As Ms. Bowden does not challenge the Board's findings as to the second and third *Carr* factors, we therefore see no reason to disturb the Board's finding that these factors are insufficient to overcome the weight of the first *Carr* factor.

Ms. Bowden next argues that the VA misled the Board about the date of her removal to circumvent ADA protections, which would have immunized her from termination. ECF No. 1-2 at 2. Ms. Bowden contends she did not receive her notice of termination until July 26, 2017, weeks into her medical leave from July 6 to August 16, 2017. *Id.*; *see also* SAppx62 (notice of proposed removal). Because she was on medical leave, Ms. Bowden argues that she was protected from this termination decision. ECF No. 1-2 at 2.

These unsupported arguments are unpersuasive. The record shows that the VA issued a notice of proposed removal on June 26, 2017, SAppx 62, and that the notice was delivered to Ms. Bowden's home on June 27, 2017, which was before her July 6, 2017 medical leave. SAppx 65–68. Accordingly, substantial evidence supports the Board's findings.

Ms. Bowden's remaining arguments deal with the Board's (1) dismissal of her disability discrimination claim; (2) application of the *Douglas* factors; and (3) adjudication of Ms. Bowden's Title VII and Fourteenth Amendment arguments. These arguments are also not persuasive. First, the Board did acknowledge Ms. Bowden's claim of disability discrimination, but correctly declined to consider the merits of the claim because it is not within the Board's jurisdiction. *Modified Decision*, 2024 WL 1619380, at *7; *see also Young*, 961 F.3d at 1327–29 ("Ms. Young's contention that she was removed in part in retaliation for making EEO complaints about the agency's failure to accommodate her disability does not present an issue over which the Board has jurisdiction under 5 U.S.C. § 1221(a)."). Ms. Bowden does not provide any support for her assertion that there were underlying biases in the VA's termination process that would disturb the Board's ultimate finding that, "considering the evidence as a whole, *Carr* factors 2 and 3 are insufficient to overcome the weight of *Carr* factor 1." *Modified Decision*, 2024 WL 1619380, at *7; *see* ECF No. 1-2 at 2. Second, Ms. Bowden argues that the penalty factors described in *Douglas v. Veterans Admin.*, 5 M.S.P.R. 280, 305–06 (1981), allow for an employee to receive treatment and keep her job. *See* Pet'r's Informal Br. at 2 (arguing that the court could "verify medical certification . . . in evidence"). *Douglas*, however, does not directly apply to an IRA appeal. *See Corpus v. Dep't of Veterans Affs.*, No. 2023-1861, 2024 WL 1548908, at *6 (Fed. Cir. Apr. 10, 2024) (non-precedential) (explaining that the "*Douglas* factors . . . are not pertinent to the IRA appeal

Mr. Corpus has presented to us" challenging his removal); 5 C.F.R. § 1209.2(b)(2), (c), (d); 5 U.S.C. § 7121(g) (election of remedies). This argument seems to be a revised formulation of her prior argument, which we have already addressed above, that her AWOL hours should be excused due to her medical documentation. Finally, Ms. Bowden did not raise any Title VII and Fourteenth Amendment claims to the Board, which was limited to adjudicating Ms. Bowden's whistleblower claim. *See Young*, 961 F.3d at 1327–28.

## CONCLUSION

We have considered Ms. Bowden's remaining arguments but find them unpersuasive.[5] For the foregoing reasons, the final decision of the Merit Systems Protection Board is *affirmed*.

**AFFIRMED**

COSTS

No costs.

---

[5]    Ms. Bowden submitted a motion to (1) consolidate this appeal with other matters before this court, the Board and the United States Court of Federal Claims; (2) order additional files be sent by the Board; (3) join additional parties to the case; and (4) add additional claims such as the violations of the Fair Labor Standards Act. ECF No. 26 at 1. Ms. Bowden's motion requests relief that she did not seek before the Board (to the extent she could have made these requests to the Board) and that either we cannot grant or would be inappropriate for us to grant at this stage, Accordingly, Ms. Bowden's motion is denied.